RICHARD A. VAN WAGONER (4690)
SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone:  (801) 521-9000
Facsimile:   (801) 363-0400
*Attorneys for Defendants*

---

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>           Plaintiff,<br><br>    vs.<br><br>SOUTH JORDAN CITY, OFFICER JOHNNY SERRANO, OFFICER ANDREW THOMPSON, AND OFFICER DOES 1-10,<br><br>           Defendants. | **DEFENDANTS' ANSWER AND JURY DEMAND**<br><br>Case No. 2:21CV562<br><br>Judge Cecilia M. Romero |

Defendants South Jordan City, Officer Johnny Serrano, and Officer Andrew Thompson (collectively "Defendants") answer Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants admit and deny the allegations in Plaintiff's Complaint as follows:

1. Deny the allegations in the Nature of the Case.

2. Deny the allegations in Paragraph 1 for lack of information or belief.

3. Admit the allegations in Paragraph 2.

4. Admit the allegations in Paragraphs 3-4 that Johnny Serrano and Andrew Thompson acted under color of law for South Jordan City and South Jordan City Police Department.  Deny all other allegations in these paragraphs.

5. Admit the allegations in Paragraphs 5-6.

6. Deny the allegations in Paragraphs 7-8 for lack of information or belief.

7. Admit the allegation in Paragraph 9 that Plaintiff fought Ms. Adame.  Deny all other allegations in this paragraph.

8. Admit the allegations in Paragraphs 10-12.

9. Admit the allegation in Paragraph 13 that Plaintiff eventually opened his door and that Officer Serrano was holding a gun at the ready in the event he needed to protect himself.  Deny all other allegations in this paragraph.

10. Admit the allegation in Paragraph 14 that South Jordan Police placed Plaintiff in handcuffs.  Deny all other allegations in this paragraph for lack of information or belief.

11. Admit the allegation in Paragraph 15 that South Jordan police officers arrested Plaintiff.  Deny all other allegations in this paragraph for lack of information or belief.

12. Deny the allegations in Paragraph 16 for lack of information or belief.

13. Admit the allegations in Paragraphs 17-18.

14. Deny the allegations in Paragraph 19.

15. Admit the allegation in Paragraph 20 that Plaintiff was charged with various crimes.  Deny all other allegations in this paragraph for lack of information or belief.

16. Admit the allegation in Paragraph 21 that the prosecutor moved to dismiss the charges against Plaintiff. Deny all other allegations in this paragraph for lack of information or belief.

17. Admit the allegations in Paragraph 22.

18. Paragraph 23 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

19. Admit the allegations in Paragraphs 24-25.

20. Deny the allegations in Paragraph 26.

21. Paragraph 27 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

22. Admit the allegations in Paragraphs 28-29.

23. Deny the allegations in Paragraph 30.

24. Deny the allegations in Paragraphs 31-32.

25. Paragraph 33 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

26. Admit the allegations in Paragraph 34.

27. Deny the allegations in Paragraphs 35-36.

28. Paragraph 37 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

29. Admit the allegation in Paragraph 38 that a South Jordan officer applied for a warrant to search Mr. Maese's home between September 25-28, 2019. Deny all other allegations in this paragraph.

30. Deny the allegations in Paragraphs 39-41.

31. Paragraph 42 incorporates each of the preceding paragraphs and, therefore, no response from Defendants is required. To the extent a response is required, Defendants incorporate their responses to each numbered paragraph.

32. Admit the allegations in Paragraph 43.

33. Deny the allegations in Paragraph 44.

34. Admit the allegation in Paragraph 45 that officers accessed a gun safe. Deny all other allegations in this paragraph.

35. Admit the allegation in Paragraph 46 that officers confiscated multiple firearms. Deny all other allegations in this paragraph.

36. Deny the allegations in Paragraph 47.

37. Admit the allegation in Paragraph 48 that Mr. Maese was arrested. Deny all other allegations in this paragraph.

38. Deny the allegations in Paragraph 49 for lack of information or belief.

39. Deny the allegations in Paragraph 50.

40. Deny that Plaintiffs are entitled to the relief requested in his Request for Relief.

41. Deny any and all allegations in Plaintiff's Complaint not expressly admitted herein.

**THIRD DEFENSE**

The individual defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any of Plaintiffs clearly established particularized constitutional, statutory, or common law rights or privileges.

**FOURTH DEFENSE**

Any act of Defendants was undertaken in good faith, without malice, with probable cause, and was fully justified and reasonable under the circumstances.

**FIFTH DEFENSE**

Plaintiffs' damages, if any, were caused by an independent intervening or superseding cause.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of laches and/or unclean hands, waiver, estoppel, res judicata, collateral estoppel, claim preclusion, issue preclusion, consent, acquiescence, ratification, and release.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Defendants' actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

**EIGHTH DEFENSE**

UPD and any of its supervisors cannot be held liable under 42 U.S.C. § 1983 based on supervisory liability.

**NINTH DEFENSE**

UPD is not liable under the doctrine of *respondeat superior* or any other theory of derivative liability.

## TENTH DEFENSE

Any constitutional violation that allegedly occurred was not the result of supervisory or training policy of UPD that was deliberately indifferent to the Constitutional rights of Plaintiffs.

## ELEVENTH DEFENSE

Defendants properly discharged any duties to train and/or supervise.

## TWELFTH DEFENSE

Plaintiffs are barred from recovery to the extent that he has failed to reasonably mitigate his damages.

## THIRTEENTH DEFENSE

Plaintiffs cannot satisfy the standard to recover monetary damages under the Utah Constitution set forth by the Utah Supreme Court in *Spackman ex rel. Spackman v. Bd. of Educ.*, 16 P.3d 533 (Utah 2000).

## FOURTEENTH DEFENSE

Defendants expressly reserve the right to amend their answer to add additional affirmative defenses.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendants request that the Court dismiss Plaintiff's Complaint, that the Plaintiff take nothing thereby, and that the Court orders Plaintiff to pay Defendants' costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

## JURY DEMAND

Defendants respectfully request a jury trial and have submitted the appropriate fee.

DATED this 20th day of October, 2021.

                                    SNOW CHRISTENSEN & MARTINEAU

                                    */s/ Scott Young*
                                    Andrew M. Morse
                                    Scott Young
                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 20th day of October, 2021, I electronically filed the foregoing **DEFENDANTS' ANSWER AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to counsel of record, as follows:

> S. Steven Maese
> 3892 West Coastal Dune Drive
> South Jordan, Utah 84009
> *Pro Se*

                /s/   Melissa Hurst

4840-1880-8196, v. 1