# Exhibit 1

Case 2:21-cv-00562-HCN-CMR    Document 75-1    Filed 03/24/23    PageID.809    Page 2
of 43

S. STEVEN MAESE v.
SOUTH JORDAN CITY

Andrew Thompson
March 2, 2022

9

1 the correct answers.
2     Q.  Okay.  Well, I'm asking you, were you
3 on scene for at least 15 minutes before knocking on
4 the door?
5     A.  I -- I don't know how long I was on
6 scene before I knocked on the door.
7     Q.  Okay.  Well, here is the -- here is the
8 video starting at zero, and you saw when we got to
9 14:54.  This doesn't include the time it took you to
10 get out of your car and get to this position.  I'm
11 assuming that was longer than six seconds.
12     A.  Okay.
13     Q.  So if that's the case, were you on
14 scene for at least 15 minutes before knocking on my
15 door?
16     A.  Yes.
17     Q.  Thank you.
18     In those 15 minutes before knocking on
19 my door, did you observe any indications in the house
20 that someone was in the house?
21     A.  So due to what we had talked about
22 before this scene and the meeting we had with
23 different officers, we were just concerned for safety
24 and who could possibly be in the home due to the
25 circumstances around that as far as, like, you know,

10

1 the severity of the crime, your criminal history,
2 some stuff like that.
3     Q.  Well, okay.  Let's talk about that.
4 That's a good digression.
5     What criminal history did I have at
6 that point?
7     A.  There was -- so there was indications
8 of a criminal history as far as there were some
9 filings for domestic assault, weapons charge.  We
10 also found, like, an active protective order.
11     Q.  So no.  So what -- again, let me -- let
12 me ask the question, and please listen to it
13 carefully.  I want you to answer the question that
14 I'm asking.
15     A.  Yes.
16     Q.  What criminal history did I have at
17 that point?
18     MR. YOUNG:  Objection.  Asked and
19 answered.
20     You can answer again.
21     A.  So the criminal history, when I search
22 it, I don't think it looks the way that you're
23 thinking it looks, sir.
24     It will show me every charge that was
25 ever filed against you, whether you were found

11

1 guilty, whether you disputed those charges or not.
2 It's still part of your criminal history.  Even if
3 it's been expunged, it's still in there.  It's still
4 seen.
5     Q.  (BY MR. MAESE)  So -- well, I'm glad
6 you brought this up.  What -- what specific program
7 are you talking about?  Are you talking about
8 Spillman?
9     A.  No.  The UCJIC, Utah Criminal Justice
10 Information Center.  UCJIC is what it's called.
11     Q.  And you're saying that UCJIC contains
12 expunged records?
13     A.  Yes.  It will show me everything that
14 was ever filed against you, whether that filing is
15 still in the system or has been removed or not.  It's
16 still there.
17     Q.  Interesting, interesting.
18     A.  I agree.
19     Q.  Well, I don't think that's accurate.  I
20 happen to know that's inaccurate, but . . .
21     A.  Okay.
22     Q.  What about Spillman?  Do you guys use
23 Spillman technology?
24     A.  Some of us.  At that time, we used
25 Spillman as a -- as a dispatching service.  And as

12

1 far as our records and stuff like that for
2 report-writing was concerned, we use Spillman.
3     A lot of us didn't use Spillman to
4 search criminal history and stuff like that.  It
5 didn't work very well.
6     Q.  Did you use Spillman to search criminal
7 histories?
8     A.  Do I or did I?
9     Q.  Did you, correct.
10     A.  No, I do not.  I did not use Spillman
11 regularly to --
12     Q.  So -- so you would not have -- you
13 would not have looked in Spillman for any records
14 regarding me that evening?
15     A.  So that evening, I did not search you
16 at all, sir.
17     Q.  Okay.
18     A.  I did not do any of that.
19     Q.  Okay.
20     A.  I didn't use Spillman at all.
21     Q.  Okay.  So then how were you aware of
22 any criminal history I may have if you didn't perform
23 any searches?
24     A.  Because I was told about it.
25     Q.  And who were you told this by?

# Exhibit 2

## Supplement

Reporting Officer: J. Serrano

South Jordan Police Department
Case Narrative

Case Number: 19F013094

Date and Time: 09-24-19 2254

Narrative:

I received a call of an urgent welfare check where the victim was calling from
her cell phone. The victim finally stopped at the Holiday gas station at 10419 S
4000 W where I made contact with her. When I contacted the victim later
identified as Arianna Adame DOB: 05-13-98 I observed severe swelling around both
eyes, I also saw marks around her neck and could smell the order of urine and
Feces coming from the car. Adame was hysterical and was difficult to understand.
I called Paramedics due to the severe injuries I observed to make sure she was
medically ok.

Paramedics determined due to her injuries they would transport her to Jordan
valley hospital where she was evaluated for her injuries as well as checked due
to the stangulation protocol. While speaking to Adame I observed clearly defined
petechiae in the whites of her eyes which I know from my experience to be
consistent with strangulation.

While at the hospital I spoke to Adame who told me that she was arguing with her
ex boyfriend identified as Santiago Maese DOB: 12-6-76 who she was trying to get
back together with after several months. Adame said she wanted Maese to get
tested for STD's prior to being intimate again. Adame said Maese became
disrespectfull and hung up which upset her. Adame said she then drove to Maese's
house and began banging on the door and continued until Maese answered the door.
Adame said she bagan yelling at Maese and then got upset and swung and hit
Maese. Adame said she thought she hit him in the side but he said she hit him in
the face. Adame said he then grabbed her and pushed her to the ground and
climbed on top of her. Maese then began choking Adame with both hands from the
front cutting off her airway and at some point making Adame urinate and defecate
on her self. Adame said Maese continued to choke her repeatedly cutting off her
airway and punching her in the face. Adame said she then began to gag and Maese
said she would have to clean it up. Adame said while she was recovering she saw
an opportunity to run out the door and she did to her car and called police
while she was driving away.

While at the hospital Detective Barr and CSI Skogg responded to take Photos and
to get Adames statement (see their spplemental reports for details to their
involvement). The SANE nurse was contacted and responded to evaluate Adame due
to the stangulation(See her report for details). Adame was then released to the
hospital staff.

I then responded to the address of 3892 W Coastal Dune Dr with several other
officers to make contact with the Suspect Santiago Maese. Maese came to the
front door and acted very suspicious coming to the door and then walking away
several times. There was also a concern due to the reported number of guns he
was known to have. When Maese finally opened the door I pointed my rifle at him
to ensure he did not have a weapon. Once we established no weapon was present
Maese was taken into custody with out incident and transported to the station to

09/30/19

# Exhibit 3

RICHARD A. VAN WAGONER (4690)
SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
*Attorneys for Defendants*
rav@scmlaw.com
rsy@scmlaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH JORDAN CITY, OFFICER JOHNNY SERRANO, OFFICER ANDREW THOMPSON, AND OFFICER DOES 1-10,<br><br>Defendants. | **DECLARATION OF OFFICER JOHNNY SERRANO**<br><br>Case No. 2:21CV562<br><br>Judge Cecilia M. Romero |

I, Johnny Serrano, hereby state and declare under penalty of perjury as follows:

1.      I am over 21 years of age and a resident of the state of Utah and all statements made in this Declaration are based on my personal knowledge or belief.

2.      I have been a law enforcement officer for 23 years.

3.      I am currently employed as a Police Officer with South Jordan City.

4.      On September 25, 2019, at 6:24 a.m., I drafted a supplemental narrative describing my encounter with Ariana Adame and S. Steven Maese on the prior night, September 24, 2019. This supplemental narrative is true and accurate, and it is attached as Exh. A to this Declaration.

5.      As I wrote in my supplemental narrative, "I then responded to the address of 3892 W. Coastal Dune Dr with several other officers to make contact with the suspect Santiago Maese. Maese came to the front door and acted very suspicious coming to the door and then walking away several times.  <u>There was also a concern due to the reported number of guns he was known to have.</u>"

6.      In addition, while I was at the hospital, I assisted Ariana Adame complete the attached Domestic Violence Lethality Screen for Law Enforcement, wherein she indicated "Yes" to Question #4, which states, "Does he/she have a gun or can he/she get one easily?".  This form is attached as Exhibit B to this Declaration.

7.       Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of January, 2022.


   _/s/ Johnny Serrano_____
                    Johnny Serrano

# Exhibit A

Law Supplemental Narrative:
                        Supplemental Narratives
Seq Name            Date                    Narrative
 3 Serrano, John    06:24:03 09/25/19
Reporting Officer: J.Serrano

                    South Jordan Police Department
                         Case Narrative

Case Number: 19F013094

Date and Time: 09-24-19 2254

Narrative:

I received a call of an urgent welfare check where the victim was calling from
her cell phone. The victim finally stopped at the Holiday gas station at 10419 S
4000 W where I made contact with her. When I contacted the victim later
identified as Arianna Adame REDACTED  I observed severe swelling around both
eyes, I also saw marks around her neck and could smell the order of urine and
Feces coming from the car. Adame was hysterical and was difficult to understand.
I called Paramedics due to the severe injuries I observed to make sure she was
medically ok.

Paramedics determined due to her injuries they would transport her to Jordan
valley hospital where she was evaluated for her injuries as well as checked due
to the stangulation protocol. While speaking to Adame I observed clearly defined
petechiae in the whites of her eyes which I know from my experience to be
consistent with stangulation.

While at the hospital I spoke to Adame who told me that she was arguing with her
ex boyfriend identified as Santiago Maese DOB:12-6-76 who she was trying to get
back together with after several months. Adame said she wanted Maese to get
tested for STD's prior to being intimate again. Adame said Maese became
disrespectfull and hung up which upset her. Adame said she then drove to Maese's
house and began banging on the door and continued until Maese answered the door.
Adame said she bagan yelling at Maese and then got upset and swung and hit
Maese. Adame said she thought she hit him in the side but he said she hit him in
the face. Adame said he then grabbed her and pushed her to the ground and
climbed on top of her. Maese then began choking Adame with both hands from the
front cutting off her airway and at some point making Adame urinate and defecate
on her self. Adame said Maese continued to choke her repeatedly cutting off her
airway and punching her in the face. Adame said she then began to gag and Maese
said she would have to clean it up. Adame said while she was recovering she saw
an opportunity to run out the door and she did to her car and called police
while she was driving away.

While at the hospital Detective Barr and CSI Skogg responded to take Photos and
to get Adames statement (see their spplemental reports for details to their
involvement). The SANE nurse was contacted and responded to evaluate Adame due
to the stangulation(See her report for details). Adame was then released to the
hospital staff.

I then responded to the address of 3892 W Coastal Dune Dr with several other
officers to make contact with the Suspect Santiago Maese. Maese came to the
front door and acted very suspicious coming to the door and then walking away

DEF-000030

several times. There was also a concern due to the reported number of guns he was known to have. When Maese finally opened the door I pointed my rifle at him to ensure he did not have a weapon. Once we established no weapon was present Maese was taken into custody with out incident and transported to the station to get his statement and to complete our investigation. ( See officer Thompsons supplemetnal report for interview details) Maese was transported to Jail where he was booked for Domestic Aggravated assault. A blue team was done to document the use of force described above.

Adame will have charges of Domestic assault and Burglary screened through the District attronies office.

# Exhibit 4



# DOMESTIC VIOLENCE LETHALITY
# SCREEN FOR LAW ENFORCEMENT

**South Valley Services 24hr Helpline 801.255.1095 ext. 0**



| Officer: J. Serrano | Date: 09/24/19 | Case #: 19Fo13o94 |
|---|---|---|
| Victim: Arianna Adame | Offender: | |

☐ *Check here if victim did not answer any of the questions.*

▶ *A "Yes" response to any of Questions #1-3 automatically triggers the protocol referral.*

| | | | |
|---|---|---|---|
| 1. Has he/she ever used a weapon against you or threatened you with a weapon? | ☐Yes | ☒No | ☐Not Ans. |
| 2. Has he/she threatened to kill you or your children? | ☐Yes | ☒No | ☐Not Ans. |
| 3. Do you think he/she might try to kill you? | ☒Yes | ☐No | ☐Not Ans. |

▶ *Negative responses to Questions #1-3, but positive responses to at least four of Questions #4-11, trigger the protocol referral.*

| | | | |
|---|---|---|---|
| 4. Does he/she have a gun or can he/she get one easily? | ☒Yes | ☐No | ☐Not Ans. |
| 5. Has he/she ever tried to choke you? | ☒Yes | ☐No | ☐Not Ans. |
| 6. Is he/she violently or constantly jealous or does he/she control most of your daily activities? | ☒Yes | ☐No | ☐Not Ans. |
| 7. Have you left him/her or separated after living together or being married? | ☐Yes | ☒No | ☐Not Ans. |
| 8. Is he/she unemployed? | ☐Yes | ☒No | ☐Not Ans. |
| 9. Has he/she ever tried to kill himself/herself? | ☐Yes | ☒No | ☐Not Ans. |
| 10. Do you have a child that he/she knows is not his/hers? | ☐Yes | ☒No | ☐Not Ans. |
| 11. Does he/she follow or spy on you or leave threatening messages? | ☐Yes | ☒No | ☐Not Ans. |

▶ *An officer may trigger the protocol referral, if not already triggered above, as a result of the victim's response to the below question, or whenever the officer believes the victim is in a potentially lethal situation.*

Is there anything else that worries you about your safety? (*If "yes"*) What worries you?

Check one: ☒ **Victim screened in according to the protocol**
☒ **Victim screened in based on the belief of officer**
☐ **Victim did not screen in**

If victim screened in: After advising her/him of a high danger assessment, did the victim speak with the hotline counselor?   ☐ Yes  ☒ No

*Note: The questions above and the criteria for determining the level of risk a person faces is based on the best available research on factors associated with lethal violence by a current or former intimate partner. However, each situation may present unique factors that influence risk for lethal violence that are not captured by this screen. Although most victims who screen "positive" or "high danger" would not be expected to be killed, these victims face much higher risk than that of other victims of intimate partner violence.*

SSM-000034

# Exhibit 5

## Supplement

Reporting Officer: T. Coburn

South Jordan Police Department
Supplemental Report

Case Number: 19F013094

Date and Time: Wed Sep 25 06:31:31 MDT 2019

Narrative:

On 09/24/19 at approximately 11:00 PM I was asked to help assist in this
case. It was reported a female had been assaulted to the point her face and neck
were severally injured. It was found that the male suspect in this case was
Santiago Maese and that the assault occurred at his residence located at 3892
west Coastal Dune Drive, South Jordan. It was determined that we would be
attempting to contact the suspect at the residence. Due to prior history with
Santiago where he was known to have firearms and was anti-police, I assisted by
watching the street north of the residence in case Santiago attempted to flew
out the back of his residence. I was notified that other officers had made
contact with Santiago at the residence and had taken him into custody and
containment was pulled.

Santiago was later transported to the Police station and I remained at
the residence and provided security of the residence until I was relieved by
Officer Thompson.

This ends my involvement with this case.

My body worn camera was activated during my interactions with the
suspect.

End of report.

T. Coburn
#5271

SSM-000071

# Exhibit 6

RICHARD A. VAN WAGONER (4690)
SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
*Attorneys for Defendants*
rav@scmlaw.com
rsy@scmlaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH JORDAN CITY, OFFICER JOHNNY SERRANO, OFFICER ANDREW THOMPSON, AND OFFICER DOES 1-10,<br><br>Defendants. | **DECLARATION OF OFFICER TAYLOR COBURN**<br><br>Case No. 2:21CV562<br><br>Judge Cecilia M. Romero |

I, Taylor Coburn, hereby state and declare under penalty of perjury as follows:

1.      I am over 21 years of age and a resident of the state of Utah and all statements made in this Declaration are based on my personal knowledge or belief.

2.      On September 25, 2019, at 6:31 a.m., while employed as a police officer for South Jordan City, I drafted a supplemental narrative describing my encounter with S. Steven Maese at 3892 West Coastal Dune Drive on the prior night, September 24, 2019.  This supplemental narrative is true and accurate, and it is attached as Exh. A to this Declaration.

3.      As I wrote in my supplemental narrative, "Due to prior history with Santiago where he was known to have firearms and was anti-police, I assisted by watching the street north of the residence in case Santiago attempted to fle[e] out the back of his residence."

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th day of March, 2023.


    _/s/ Taylor Coburn_____
              Taylor Coburn

# Exhibit A

Law Supplemental Narrative:
                         Supplemental Narratives
Seq Name              Date                 Narrative
  5 COBURN, TAYLOR   06:31:19 09/25/19
Reporting Officer: T.Coburn

                     South Jordan Police Department
                          Supplemental Report

Case Number: 19F013094

Date and Time: Wed Sep 25 06:31:31 MDT 2019

Narrative:

        On 09/24/19 at approximately 11:00 PM I was asked to help assist in this
case. It was reported a female had been assaulted to the point her face and neck
were severally injured. It was found that the male suspect in this case was
Santiago Maese and that the assault occurred at his residence located at 3892
west Coastal Dune Drive, South Jordan. It was determined that we would be
attempting to contact the suspect at the residence. Due to prior history with
Santiago where he was known to have firearms and was anti-police, I assisted by
watching the street north of the residence in case Santiago attempted to flew
out the back of his residence. I was notified that other officers had made
contact with Santiago at the residence and had taken him into custody and
containment was pulled.

        Santiago was later transported to the Police station and I remained at
the residence and provided security of the residence until I was relieved by
Officer Thompson.

        This ends my involvement with this case.

        My body worn camera was activated during my interactions with the
suspect.

        End of report.

T.Coburn
#5271

DEF-000035

Exhibit 7

S. STEVEN MAESE
    steven.maese@gmail.com
3892 W COASTAL DUNE DR
SOUTH JORDAN, UTAH 84009
801-690-6960 PHONE

*Plaintiff Pro Se*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>    Plaintiff,<br><br>    *-v-*<br><br>SOUTH JORDAN CITY, et al,<br><br>    Defendants. | **MAESE'S RESPONSES TO INTER-ROGATORIES AND DOCUMENT REQUESTS**<br><br>Case № 2:21-cv-0562-DBB-CMR<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Cecilia M. Romero |

COMES NOW S. STEVEN MAESE and responds to Defendants' First Set of Discovery Requests as follows:

## GENERAL OBJECTIONS

**General Objection № 1**: Maese objects to Defendants' definitions and instructions to the extent they seek information neither required nor permitted by the Federal Rules of Civil Procedure, and to the extent that these definitions and instructions attempt to alter any of the procedures set forth in the Federal Rules of Civil Procedure.

**General Objection № 2**: Maese objects to each Request, including all definitions, introductions, and instructions, to the extent they attempt to impose requirements or obligations on Maese beyond the Federal Rules of Civil Procedure's.

**General Objection № 3**: Maese objects to each Request to the extent they seek information or production of documents protected by the attorney-client privileged, the work-product doctrine, or trial preparation materials protected under Rule 26 of the Federal Rules of Civil Procedure, or any other valid privilege, and Maese reserve the right to withhold any such privileged information or documents.

**General Objection № 4**: Maese objects to each Request insofar as they seek information or production of documents not available to Maese. Accordingly, the responses given herein are based on the information and documents currently available to Maese, subject to any applicable objections.

**General Objection № 5**: Maese objects to each Request to the extent they are duplicative of information previously provided in this lawsuit or equally available to the Defendants in this case through, for example, public records or third parties.

**General Objection № 6**: Maese objects to Defendants' Requests because they are overly burdensome and not proportional to the amount at issue.

Each of the following responses to each of the individual Requests is deemed to incorporate by reference the foregoing general objections.

# SPECIFIC OBJECTIONS

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A. "Vague and ambiguous" means: Maese objects because the Request is vague, uncertain, and ambiguous.

B. "Overbroad" means: Maese objects because the Request is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

C. "Irrelevant" means: Maese objects because the Request calls for information irrelevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

D. "Duplicative" means: Maese objects because the Request calls for information that is cumulative or duplicative of other discovery.

E. "Burdensome" means: Maese objects because the Request is so broad and uncertain that it creates an unreasonable and undue burden. Burdensome is also defined to mean Maese objects to the Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources of discovery procedures.

F. "Privileged" means: Maese objects because the Request calls for information that is (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of

counsel; (4) otherwise protected under Utah Rule of Civil Procedure 26(b); (5) protected by the clergy-parishioner privilege; and/or (6) protected under any other valid privilege.

G.    "Premature" means: Maese objects because the Request calls for information not available to Defendants at this stage of the litigation or that it calls for conclusions, opinions or theories that cannot be ascertained or developed prior to the completion of discovery or without the benefit of expert analysis.

H.    "Assumes facts" means: Maese objects because the Request is premised upon or assume facts that are untrue or unsupported by the evidence in this matter.

I.    "Legal Conclusion" means: Maese objects because the Request requires Defendants to provide a legal conclusion or provide interpretation of a legal term or draw legal conclusions related to the legal significance of documents or allegations.

J.    "Disproportional" means: Maese objects because the discovery sought in the Request is disproportional pursuant to Fed R. Civ. P. 26(b)(1) & (2).

K.    The phrase "Subject to and without waiving his objection," or words having similar effect, means: Notwithstanding the fact that Maese will produce certain information, information sought by the Request which is covered by either a specific or a general objection may not be produced or may be produced subject to and without waiving its objections.

# Interrogatories

**Interrogatory № 1**: Please identify all owner(s) of the property located at 3892 West Coastal Dune Drive (10695 South), South Jordan, Utah, 84095, from January 1, 2019-Present, including the name, phone numbers, current addresses, and email addresses of the owner(s) and the dates of ownership.

OBJECTION: *This request is irrelevant.*

ANSWER: Subject to and without waiving his objection:

S. Steven Maese
3892 W Coastal Dune Dr
South Jordan UT 84009
steve@wasatchconstables.com
801-690-6960
Owner since 5/2019

Owners before then are unknown.

**Interrogatory № 2**: Please identify all residents of the property located at 3892 West Coastal Dune Drive (10695 South), South Jordan, Utah, 84095, from January 1, 2019-Present, including the name, phone numbers, current addresses, and email addresses of the resident and the dates of residency.

OBJECTION: *This request is irrelevant.*

ANSWER: Subject to and without waiving his objection:

S. Steven Maese
3892 W Coastal Dune Dr
South Jordan UT 84009
steve@wasatchconstables.com

801-690-6960
Resident from 9/2019 - Present

**Interrogatory № 3**: Please identify all firearms you owned on September 24-25, 2019, including the make/model, serial number, and date of purchase.

OBJECTION: *This request is irrelevant, overbroad, and burdensome.*

ANSWER: Unknown.

**Interrogatory № 4**: Please identify all legal proceedings you have been a party to, including, but not limited to, criminal, civil, and bankruptcy proceedings, by identifying the case caption, court, and case number. Please include any proceedings that have been commuted or expunged.

OBJECTION: *This request is irrelevant, overbroad, and burdensome.*

ANSWER: Subject to and without waiving his objection:

For justice court cases:

| County | Court Location | Case Type | Case Number | Filing Date | First Name | Last Name |
|---|---|---|---|---|---|---|
| TOOELE | Tooele County Justice Court | TN | 932533313 | 9/3/1993 | SANTIAGO | MAESE |
| DAVIS | North Salt Lake Justice | TN | 935004602 | 5/17/1995 | SANTIAGO S | MAESE |
| SLCo | South Salt Lake Justice Court | TN | 975500004 | 3/18/1997 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Justice Court | SG | 37213668 | 12/24/2003 | STEVEN | MAESE |
| DAVIS | Centerville Justice Court | TC | 45000469 | 2/1/2004 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Justice Court | SG | 47208155 | 8/25/2004 | STEVEN | MAESE |

6 of 15

| | | | | | | |
|---|---|---|---|---|---|---|
| SLCo | Salt Lake City Jus-tice Court | SG | 47208379 | 9/1/2004 | STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | SG | 47210141 | 10/27/2004 | STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | SG | 47210588 | 11/10/2004 | STEVEN | MAESE |
| SLCo | Murray Justice | TN | 75005451 | 5/9/2007 | SANTIAGO S | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 75407080 | 9/14/2007 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 75408911 | 12/7/2007 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 85405923 | 8/26/2008 | STEVEN SANTIAGO | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 95407259 | 9/14/2009 | STEVEN SANTIAGO | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 105400463 | 1/19/2010 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 105400968 | 2/2/2010 | SANTIAGO STEVEN | MAESE |
| SLCo | South Salt Lake Justice Court | TC | 105504714 | 8/13/2010 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 105406733 | 8/24/2010 | SANTIAGO S | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TN | 105235425 | 9/28/2010 | SANTAIGO S | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TN | 125400456 | 1/5/2012 | SANTIAGO STEVEN | MAESE |
| WEBER | Riverdale Justice Court | TC | 125000106 | 1/13/2012 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 125421939 | 5/11/2012 | SANTIAGO STEVEN | MAESE |
| DAVIS | Davis County Jus-tice | TC | 135001734 | 3/9/2013 | SANTIAGO STEVEN | MAESE |
| DAVIS | Clearfield Justice Court | TC | 135001308 | 3/9/2013 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | SG | 137403684 | 7/10/2013 | STEVEN | MAESE |
| SLCo | South Salt Lake Justice Court | TC | 135505320 | 12/11/2013 | SANTIAGO STEVEN | MAESE |
| SLCo | West Jordan Jus-tice | NA | 141300766 | 6/12/2014 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Jus-tice Court | TC | 165423291 | 12/20/2016 | SANTIAGO STEVEN | MAESE |
| DAVIS | Davis County Jus-tice | TC | 175000273 | 1/11/2017 | SANTIAGO STEVEN | MAESE |

| | | | | | | |
|---|---|---|---|---|---|---|
| SLCo | Salt Lake City Justice Court | TN | 175407463 | 4/2/2017 | SANTIAGO STEVEN | MAESE |
| SLCo | Salt Lake City Justice Court | TC | 175425152 | 11/24/2017 | SANTIAGO STEVEN | MAESE |
| SLCo | South Jordan Justice Court | MO | 191800378 | 7/30/2019 | SANTIAGO STEVEN | MAESE |
| WA-SATCH | Wasatch County Justice | TN | 205400156 | 1/11/2020 | SANTIAGO STEVEN | MAESE |
| SLCo | South Jordan Justice Court | TC | 205801738 | 7/29/2020 | SANTIAGO STEVEN | MAESE |
| SLCo | West Jordan Justice | MO | 211301234 | 10/20/2021 | SANTIAGO STEVEN | MAESE |

For district court cases:

| County | Court Location | Case Type | Case Number | Filing Date ↑ | First Name | Last Name |
|---|---|---|---|---|---|---|
| SLCo | West Jordan District | CV | 913105965 | 11/6/1991 | SANTIAGO | MAESE |
| SLCo | SLC District | TL | 926974254 | 10/13/1992 | SANTIAGO S | MAESE |
| SLCo | SLC District | TC | 935015908 | 6/28/1993 | SANTIAGO S | MAESE |
| SLCo | West Jordan District | TN | 935012519 | 12/20/1993 | SANTIAGO | MAESE |
| SLCo | SLC District | SC | 948006603 | 4/25/1994 | SANTIAGO | MAESE |
| SLCo | SLC District | SC | 948010551 | 7/7/1994 | SANTIAGO | MAESE |
| SLCo | SLC District | SC | 958005780 | 5/4/1995 | SANTIAGO | MAESE |
| SLCo | SLC District | TC | 955017035 | 5/23/1995 | SANTIAGO S | MAESE |
| SLCo | SLC District | TN | 955203586 | 6/1/1995 | SANTIAGO STEVEN | MAESE |
| SLCo | West Jordan District | TN | 959043720 | 12/11/1995 | STEVE S | MAESE |
| SLCo | SLC District | TN | 965001460 | 1/18/1996 | SANTIAGO S | MAESE |
| SLCo | SLC District | PI | 10902109 | 3/12/2001 | SANTIAGO | MAESE |
| SLCo | SLC District | DA | 44900397 | 1/23/2004 | SANTIAGO S | MAESE |
| SLCo | SLC District | LM | 40911067 | 5/27/2004 | S STEVEN | MAESE |
| SLCo | SLC District | TL | 46917998 | 7/6/2004 | SANTIAGO | MAESE |
| SLCo | SLC District | TL | 46918003 | 7/6/2004 | SANTIAGO | MAESE |
| SLCo | SLC District | TL | 46918004 | 7/6/2004 | SANTIAGO | MAESE |
| SLCo | SLC District | TL | 46918002 | 7/6/2004 | SANTIAGO | MAESE |
| SLCo | SLC District | PO | 44905974 | 10/7/2004 | SANTIAGO S | MAESE |
| SLCo | SLC District | DA | 44905966 | 10/7/2004 | SANTIAGO S | MAESE |

| | | | | | | |
|---|---|---|---|---|---|---|
| SLCo | West Jordan District | DC | 50409590 | 9/26/2005 | STEVEN | MAESE |
| SLCo | SLC District | AA | 80912185 | 7/11/2008 | STEVEN S | MAESE |
| SLCo | SLC District | SK | 80920085 | 9/16/2008 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | WR | 80921824 | 10/9/2008 | S STEVEN | MAESE |
| UTAH | Provo District | MI | 90402777 | 8/6/2009 | S STEVEN | MAESE |
| DAVIS | Bountiful District | DC | 90801440 | 8/13/2009 | STEVEN S | MAESE |
| TOOELE | Tooele District | MI | 90301452 | 8/18/2009 | STEVEN S | MAESE |
| DAVIS | Farmington District | DC | 90700674 | 10/5/2009 | STEVEN S | MAESE |
| UTAH | Provo District | MI | 100400512 | 2/9/2010 | S STEVEN | MAESE |
| SLCo | SLC District | TC | 115900080 | 3/7/2011 | SANTIAGO | MAESE |
| SLCo | SLC District | PO | 124905086 | 9/17/2012 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | DA | 134903616 | 7/12/2013 | SANTIAGO STEVEN | MAESE |
| DAVIS | Farmington District | TC | 135700027 | 8/7/2013 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | AA | 140900764 | 2/3/2014 | SANTIAGO STEVEN | MAESE |
| DAVIS | Farmington District | TC | 145700023 | 6/19/2014 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | TC | 155900019 | 1/26/2015 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | SK | 150902956 | 5/4/2015 | SANTIAGO STEVEN | MAESE |
| DAVIS | Farmington District | TC | 155700038 | 7/21/2015 | SANTIAGO STEVEN | MAESE |
| DAVIS | Farmington District | RN | 160700733 | 7/18/2016 | SANTIAGO STEVEN | MAESE |
| UTAH | Provo District | SK | 170400774 | 5/31/2017 | SANTIAGO | MAESE |
| UTAH | Provo District | SK | 170401164 | 8/16/2017 | SANTIAGO STEVEN | MAESE |
| SLCo | SLC District | PA | 194900990 | 2/19/2019 | S STEVEN | MAESE |
| SLCo | SLC District | CN | 200905650 | 8/31/2020 | STEVEN | MAESE |
| SLCo | SLC District | MI | 210904494 | 8/24/2021 | S STEVEN | MAESE |
| SLCo | West Jordan District | NA | 211400028 | 10/15/2021 | SANTIAGO S | MAESE |
| SLCo | SLC District | TL | 226902038 | 1/17/2022 | SANTIAGO S | MAESE |

Additionally, two expunged cases, both captioned State v. Maese, both in Salt Lake County, both with unknown case numbers.

**Interrogatory № 5**: Please describe in detail all damages you claim to have suffered and seek recovery for in this lawsuit, including, but not limited to, the damage, any witnesses to the damage, and any documents related to the damage.

ANSWER:

Maese was jailed for four days. SJPD ransacked his house, leaving it in disarray. SJPD forced open—and ruined—a gun safe. Maese's business partner, Rob Kolkman, left the partnership and told others it was because of the gun charges. The Utah State Tax Commission stopped doing business with Maese's Company, Wasatch Constables LC, and told others it was because of the gun charges. All major news outlets in Utah covered this case and Maese suffered irreparable harm to his reputation.

**Interrogatory № 6**: Please identify all businesses you own or have had any ownership in (and the percentage ownership, if applicable) from January 1, 2017-Present.

OBJECTION: *This request is irrelevant and disproportional.*

ANSWER: Subject to and without waiving his objection:

- Wasatch Constables LC, Varying percentage over specified dates, but no less than 15% and no more than 85%.

- Evolution Capital Partners LLC, 50%.

**Interrogatory № 7**: Please identify all employers, including the name of the employer, your supervisor, and your dates of employment, from January 1, 2017-Present.

OBJECTION: *This request is irrelevant*.

ANSWER:

Wasatch Constables LC, no supervisor, during all applicable times of request.


**Interrogatory № 8**: Please identify all communications, including, but not limited to, phone calls, letters, text messages, emails, social media messages, etc. you have made or received from Ariana Marie Adame from January 1, 2019-Present.

OBJECTION: *This request is irrelevant and privileged.*

ANSWER: Subject to and without waiving his objection:

Neither texts nor records of text or phone calls exist. Maese's phone carrier, Visible, never documents calls or texts. The only email sent to Adame was on January 11, 2022 and regards her signed declaration. That email chain is privileged as work-product.


**Interrogatory № 9**: Please identify all websites, blogs, social media accounts (including, but not limited to, Facebook, Twitter, Tik Tok, LinkedIn, Snapchat, Instagram, Reddit), you own, possess, or have posted on, including the handles/names you use on these platforms.

OBJECTION: *This request is irrelevant*

ANSWER: Subject to and without waiving his objection:

- https://www.facebook.com/steven.maese

- https://www.instagram.com/stevenmaese

- https://www.linkedin.com/in/s-steven-maese-a29ab458/

- https://twitter.com/stevenmaese

**Interrogatory № 10**: Please identify all medical providers, including but not limited to, psychologists, psychiatrists, mental health counselors, grief counselors, etc., that you have been treated by related to this incident.

OBJECTION: *This request is irrelevant and privileged.*

ANSWER: Subject to and without waiving his objection:

Kent Anderson

**Interrogatory № 11**: Please identify all communications, including, but not limited to, phone calls, letters, text messages, emails, social media messages, etc. with any South Jordan City Police Officers and/or employees, from September 24, 2019-Present.

OBJECTION: *This request is irrelevant, overbroad, and burdensome.*

ANSWER:

- GRAMA request for police discipline.

- Complaint for violation of civil rights.

- Phone calls to verify contact information.

- Phone call with patrol officer regarding DV allegation.

### I. Verification

I, S. Steven Maese, declare I have read the foregoing Answers to Interrogatories, know

of its contents and, to the extent of my current knowledge, believe this response to be

correct. I declare under penalty of law that this verification is true and correct.

EXECUTED this 13th day of February 2022.

*/s/ S. Steven Maese*
S. Steven Maese

## DOCUMENT REQUESTS

**Request № 1**: Please produce all documents establishing any and all damages you

claim to have suffered and seek recovery for in this lawsuit.

OBJECTION: *This request is overly broad, and unduly burdensome.*

ANSWER: See tax-returns. Other documents to be created for this tax year.

**Request № 2**: Please produce all federal and state income tax returns for the years

2016-Present.

OBJECTION: *This request is irrelevant, overly broad, and unduly burdensome.*

ANSWER: See attached.

**Request № 3**: Please produce all surveillance video from the property located at 3892

West Coastal Dune Drive (10695 South), South Jordan, Utah, 84095, from the dates on

September 24-25, 2019, including, but not limited to, all Ring videos from the door-

bell/front porch area.

OBJECTION: *This request is irrelevant, overly broad, and unduly burdensome.*

ANSWER: No additional videos exist.

**Request № 4**: Please produce anything you have written related to the incident at issue in this case, including, but not limited to, written correspondence, emails, blog posts, journal entries, letters, text messages, etc.

ANSWER: None exist.

**Request № 5**: Please produce any photographs you have taken or possess that relate in any way to the incident at issue in this case.

ANSWER: None exist.

**Request № 6**: Please produce all communications, including, but not limited to, phone calls, letters, text messages, emails, social media messages, etc. you have made or received from Ariana Marie Adame from January 1, 2019-Present.

OBJECTION: *This request is irrelevant, overly broad, unduly burdensome and requires work-product.*

ANSWER: Neither texts nor records of text or phone calls exist. Maese's phone carrier, Visible, never documents calls or texts. The only email sent to Adame was on January 11, 2022 regarding her signed declaration. That email is privileged as work-product.

**Request № 7**: Please produce all communications, including, but not limited to, phone calls, letters, text messages, emails, social media messages, etc. with any South Jordan City Police Officers and/or employees, from September 24, 2019-Present.

OBJECTION: *This request is irrelevant, overly broad, and unduly burdensome.*

ANSWER: South Jordan has all communications Maese has sent during this time period. Maese retains no copies.

DATED this 13th day of February 2022.

/s/ S. Steven Maese
_____
S. Steven Maese
*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

This certifies that on the 20th day of March 2022, a true and correct copy of the forego-

ing was served by the method indicated below, and addressed to the following:

R. Scott Young                               ☐ Hand Delivery
10 Exchange Place, Suite 1100                ☐ U.S. Mail
P.O. Box 45000                               ☐ Overnight Mail
Salt Lake City, UT 84111                     ☐ e-File
801-521-9000                                 ☒ e-Mail
rsy@scmlaw.com

/s/ S. Steven Maese
S. Steven Maese

# Exhibit 8

RICHARD A. VAN WAGONER (4690)
SCOTT YOUNG (10695)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
*Attorneys for Defendants*
rav@scmlaw.com
rsy@scmlaw.com

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH – CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH JORDAN CITY, OFFICER JOHNNY SERRANO, OFFICER ANDREW THOMPSON, AND OFFICER DOES 1-10,<br><br>Defendants. | **DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES TO MAESE'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:21CV562<br><br>Judge Cecilia M. Romero |

Defendants South Jordan City, Officer Johnny Serrano, and Officer Andrew Thompson ("Defendants") hereby respond to Maese's Interrogatories and Production of Documents as follows:

## GENERAL OBJECTIONS

Defendants' Responses to Maese's Interrogatories and Production of Documents (collectively "Requests" or "Discovery Requests") are made subject to and without waiving the following objections.

**GENERAL OBJECTION NO. 1:** Defendants object to Plaintiff's definitions and instructions to the extent they seek information neither required nor permitted by the Federal Rules of Civil Procedure, and/or to the extent that these definitions and/or instructions attempt to alter any of the procedures set forth in the Federal Rules of Civil Procedure.

**GENERAL OBJECTION NO. 2:** Defendants object to each and every Request, including each and every definition, introduction, and instruction thereto, to the extent they attempt to impose requirements or obligations on Defendants beyond those imposed by the Federal Rules of Civil Procedure.

**GENERAL OBJECTION NO. 3:** Defendants object to each and every Request to the extent they seek information and/or production of documents protected by the attorney-client privileged, the work-product doctrine, or trial preparation materials protected under Rule 26 of the Federal Rules of Civil Procedure, or any other valid privilege, and Defendants reserve the right to withhold any such privileged information or documents.

**GENERAL OBJECTION NO. 4:** Defendants object to each and every Request insofar as they seek information and/or production of documents not available to Defendants at this time. Accordingly, the responses given herein are based on the information and documents currently available to Defendants, subject to any applicable objections.

**GENERAL OBJECTION NO. 5:** Defendants object to each and every Request to the extent they are duplicative of information previously provided in this lawsuit or equally available to Plaintiff in this case through, for example, public records and/or third parties.

**GENERAL OBJECTION NO. 6:** Defendants object to Plaintiff's Requests because they are overly burdensome and not proportional to the amount at issue.

Each of the following responses to each of the individual Requests shall be deemed to incorporate by reference the foregoing general objections.

## **SPECIFIC OBJECTIONS**

As used in the specific responses below, the following terms include objections based upon their respective definitions:

A.      "Vague and ambiguous" are defined to mean:  Defendants object on the basis and insofar as the Request is vague, uncertain, and ambiguous.

B.      "Overbroad" is defined to mean:  Defendants object on the basis and insofar as the Request is overbroad and calls for an expansive potential breadth of information that is unreasonable in scope and parameter.

C.      "Irrelevant" is defined to mean:  Defendants object on the basis the Request calls for information irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

D.      "Duplicative" is defined to mean:  Defendants object on the basis the Request calls for information that is cumulative or duplicative of other discovery.

E.      "Burdensome" is defined to mean:  Defendants object on the basis the Request is so broad and uncertain that it creates an unreasonable and undue burden.  Burdensome is also defined to mean Defendants object to the Request because the information sought is more readily obtainable through other, more convenient, less burdensome, and less expensive sources of discovery procedures.

F.      "Privileged" is defined to mean:  Defendants object on the basis the Request calls for information that is (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials

and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Utah Rule of Civil Procedure 26(b); (5) protected by the clergy-parishioner privilege; and/or (6) protected under any other valid privilege.

G.      "Premature" is defined to mean:  Defendants object on the basis the Request calls for information not available to Defendants at this stage of the litigation or that it calls for conclusions, opinions or theories that cannot be ascertained or developed prior to the completion of discovery or without the benefit of expert analysis.

H.      "Assumes facts" is defined to mean:  Defendants object on the basis the Request is premised upon or assume facts that are untrue or unsupported by the evidence in this matter.

I.      "Legal Conclusion" is defined to mean:  Defendants object on the basis the Request requires Defendants to provide a legal conclusion or provide interpretation of a legal term or draw legal conclusions related to the legal significance of documents or allegations.

J.      "Disproportional" means:  Defendants object on the basis the discovery sought in the Request is disproportional pursuant to Utah R. Civ. P. 26(b)(2).

K.      The phrase "Subject to and without waiving their objections," or words having similar effect, is defined to mean:  Notwithstanding the fact that Defendants will produce certain information, information sought by the Request which is covered by either a specific or a general objection may not be produced or may be produced subject to and without waiving its objections.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: Provide all emails and text messages SJPD created, including between SJPD members, mentioning Maese or the Coastal Dune Home.

**OBJECTION:** This request is overly broad and unduly burdensome because it is not limited to the incident at issue. It also seeks privileged information related to police investigations.

**ANSWER:** Subject to and without waiving the above objections, please find all responsive documents that relate to the present case at DEF-000792-000925.

DATED this 8th day of February, 2022.

**SNOW CHRISTENSEN & MARTINEAU**

_/s/ Scott Young_____
Richard A. Van Wagoner
Scott Young
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 31st day of February, 2022, I served a true and correct

copy of **DEFENDANTS' FIRST SUPPLEMENTAL RESPONSES TO MAESE'S**

**REQUEST FOR THE PRODUCTION OF DOCUMENTS** *via Email* to the following:

> S. Steven Maese (*pro se*)
> 3892 West Coastal Dune Drive
> South Jordan, Utah 84009
> steven.maese@gmail.com


     */s/  Annette Gamero*

-6-