Francis Chiaramonte (#14157)
**CLEARMOUNTAIN LEGAL, PLLC**
336 W. 300 S. Unit 410
Salt Lake City, UT 84101
Phone: (385) 444-5554
Email:francis.w.chiaramonte@gmail.com
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SOUTH JORDAN CITY, OFFICER JOHNNY SERRANO, OFFICER ANDREW THOMPSON, AND OFFICER DOES 1-10,<br>　　　　　Defendants. | **PLAINTIFF'S REPLY SUPPORTING ECF 82 (OBJECTION TO REPORT & RECOMMENDATION)**<br><br>Case No. 2:21CV562<br><br>Judge Howard Nielson, Jr. |

COMES NOW Plaintiff S. Steven Maese, by and through the undersigned counsel, and replies to Defendant Serrano's Response to Maese's Objection to the Report and Recommendation, as follows:

1. <u>The Magistrate's Recommendation to Deny Plaintiff's Cross-Motion as Moot</u> - Plaintiff's objection to the Report and Recommendation revolves around the Court's recommendation to deny Plaintiff's Cross-Motion as moot. In his Response, Defendant is silent as to this argument, instead focusing on supporting his own unrelated objection. Plaintiff maintains that denial of his cross-motion as moot would be an abuse of

    discretion, as the relief requested in Plaintiff's cross-motion has not been granted or denied, and Plaintiff's cross-motion is ripe for consideration.

2. <u>The Law of the Case Doctrine</u> -  In his reply, Defendant claims that Plaintiff cannot refute Defendant's law of the case argument because "Mr. Maese does not address any of the allowed exceptions [to the law of the case doctrine] in his objection." (ECF 84, p 6-7). Maese disputes that this issue is appropriately raised in Defendant's Response to Maese's Objection, as Maese did not object to the Magistrate's recommendation concerning the law of the case doctrine, so there would be no reason for Maese to state in his objection that the exceptions to the doctrine should apply. Plaintiff appropriately noted that the exceptions do apply in his Response to Defendant's motion. (ECF 63 III(D), p.17). The Magistrate considered these arguments in her recommendation to deny Defendant's Motion (ECF 81 p.10).  Furthermore, Plaintiff appropriately argued that the exceptions do apply in his Response to Defendant's Objection (ECF 85, p.2).  Plaintiff maintains that the new evidence discovered since the prior motion was heard, specifically the deposition of Johnny Serrano, has been material in opposing the present Motion, and precludes the application of the law of the case doctrine.

3. <u>Timeliness of Plaintiff's Cross-Motion</u> - It is within the Court's discretion to entertain and rule upon Plaintiff's Cross-Motion. Although Plaintiff filed his Cross-Motion after the due date for dispositive motions, the Court extended that date for Defendant (ECF 59). Plaintiff then requested an extension of time to file his Cross-Motion (ECF 67). Plaintiff's request for an extension was not denied. Defendant was then granted a Motion to Extend the time to respond to Plaintiff's Cross-Motion (ECF 72), and he did so (ECF

75).  Considering all of this, the Cross-Motion has been fully briefed and is ready to be considered.

    a. Defendant's argument that entertaining Plaintiff's motion would unfairly prejudice Defendant by allowing the plaintiff to preview the defendant's arguments is without merit.  The defendant has continuously argued that the law of the case doctrine applies in this controversy, maintaining that the Court already had ruled on these issues in the context of Plaintiff's prior Motion for Summary Judgment.  The prior motion and the present motion do involve the same *arguments*, but the distinction is in the standard of proof as well as the existence of previously undiscovered evidence (ECF 81, p 10-11).  Plaintiff has been aware of the defendant's arguments since before the filing of the present motion and is seeking the relief he requests now because of the newly discovered evidence, which was in the possession of Plaintiff prior to his receipt of the present Motion.

4. The remaining arguments in Defendant's Response are unrelated to Plaintiff's Objection, and simply reiterate the points made in Defendant's Motion, Reply, and Objection.  For purposes of Defendant's Objection (ECF 82), these arguments need not be addressed, as they are fully addressed in ECF 63, 64, 81, and 85.[1]

WHEREFORE, The Court should sustain Plaintiff's objection, consider Plaintiff's Cross-Motion on its merits, and grant summary judgment in his favor.

    DATED This 25th day of September 2023

---

[1] Plaintiff's Response, Plaintiff's Cross Motion, the Magistrate's Report and Reccomendation, and Plaintiff's response to Defendant's Objection to the Report and Recommendation.

 CLEARMOUNTAIN LEGAL, PLLC
 */s/*Francis Chiaramonte
 Francis Chiaramonte
 Attorney For Plaintiff

CERTIFICATE OF DELIVERY

I certify that on September 25, 2023, I caused the foregoing document to be electronically filed with the court and delivered to the following:

Attorney for Defendant

 CLEARMOUNTAIN LEGAL, PLLC

 */s/*Francis Chiaramonte*/s/*
 Francis Chiaramonte

4