IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| S. STEVEN MAESE,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH JORDAN CITY, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:21-cv-562-HCN-CMR<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Magistrate Judge Romero recommends that Docket Number 54, Defendants' Motion for Summary Judgment, be granted in part and denied in part, and that Docket Number 64, Plaintiff's Cross-Motion for Summary Judgment, be denied as moot. *See* Dkt. No. 81. She also denied as moot Docket Number 65, Defendants' Motion to Strike, and Docket Number 67, Plaintiff's Motion for an Extension. *See id.* The Plaintiff, Steven Maese, and one of the Defendants, Officer Johnny Serrano, both filed timely objections to Judge Romero's Report and Recommendation and Order. The court reviews Judge Romero's recommendations *de novo*. *See* Fed. R. Civ. P. 72(b). The court reviews her orders to determine whether they are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a).

The court agrees with Judge Romero's analysis of Mr. Maese's state law claim against Officer Serrano and of all his claims against Officer Thompson and South Jordan City, as well as her conclusion that the Defendants are entitled to summary judgment on these claims. The court further agrees with the Judge Romero's conclusion that, with respect to Mr. Maese's Fourth Amendment claim, Officer Serrano has failed to show that he is entitled to summary judgment

on the issue of qualified immunity. To the extent Judge Romero's analysis is limited to that conclusion, the court agrees with that analysis.

It appears that Judge Romero may have also intended to recommend that the court go further and hold that Mr. Maese is entitled to judgment as a matter of law on the issue of qualified immunity. This understanding of her report and recommendation is supported not only by some of her language and analysis, but also by her recommendation that Mr. Maese's cross-motion for summary judgment be denied as moot and her denial of the Defendants' motion to strike and Mr. Maese's motion for an extension as moot. To the extent Judge Romero did intend to recommend that the court hold that Mr. Maese is entitled to judgment as a matter of law on the issue of qualified immunity, the court will not adopt that recommendation in the absence of a timely motion for summary judgment by Mr. Maese.

There is obviously a vast difference between holding that a litigant is not entitled to summary judgment on an issue and holding that the litigant loses on that issue as a matter of law. In the usual course of litigation, the former outcome results from the failure of a litigant's own motion; the latter results only from the success of an opponent's cross-motion.

In this case, Mr. Maese filed his cross-motion for summary judgment on March 3, 2023, well after the December 30, 2022 deadline for dispositive motions established by the scheduling order. *See* Dkt. Nos. 12, 64. Mr. Maese did so, moreover, without showing "good cause" to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b)(4).

To be sure, Mr. Maese offers two arguments in support of his failure to comply with the scheduling order. First, he argues that his belated cross-motion was permitted by Judge Romero's order granting the parties' stipulated motion to extend the deadline for Mr. Maese to respond to the Defendants' motion for summary judgment. *See* Dkt. No. 59. But a cross-motion for

summary judgment is not a response brief, there is no basis for doubting Defendants' representations that they would not have consented to extending the deadline for such a cross-motion, see Dkt. No. 68 at 3, and there is no reason to assume that Judge Romero would have extended the deadline for dispositive motions—let alone that she would have done so over the Defendants' objection.[1] Indeed, the apparent rationale for the extension—that Plaintiff was then incarcerated and thus not receiving court filings promptly, see Dkt. No. 68—explains only his need for additional time to respond to the Defendants' Motion. It does not explain the need for additional time to file his own dispositive motion. After all, the relevant evidentiary materials on which Mr. Maese relied in his cross-motion, the Defendants' depositions and the exhibits the parties submitted in connection with Mr. Maese's previous motion for summary judgment, were available no later than March 2, 2022, see Dkt. Nos. 23, 60–62—nearly ten months before the deadline for dispositive motions and more than eight months before Mr. Maese was incarcerated, see Dkt. No. 68-1.[2]

Second, Mr. Maese contends that his failure to comply with the scheduling order was the result of excusable neglect amounting to good cause. The court disagrees. Mr. Maese has not provided "an adequate explanation" why he failed to file his dispositive motion during the ten

---

[1] Although Mr. Maese cites *East High Gay/Straight Alliance v. Board of Education of Salt Lake City School District*, 81 F. Supp. 2d 1166 (D. Utah 1999), in support of his argument that his cross-motion was merely a "natural and necessary response" to the Defendants' motion, Dkt. No. 66 at 2–3, the court finds that decision unpersuasive. In the court's view, a response brief and a cross-motion are separated not by an indistinct line, but by a chasm—both procedurally, *see* DUCivR 7-1(a)(3), and in substantive effect.

[2] Mr. Maese's cross-motion incorporates by reference the factual material in his (*bona fide*) response to the Defendants' motion. *See* Dkt. No. 64 at 3. There, Mr. Maese cites his own deposition in passing. *See* Dkt. No. 63 at 5, 7. That deposition took place on May 13, 2022—still well before the deadline for dispositive motions. Further, the factual substance of his own deposition testimony was obviously known to Mr. Maese long before the deposition. In all events, Mr. Maese cited his own deposition only as additional evidence of facts supported by other, previously available evidence or as evidence of immaterial facts. *See* Dkt. No. 63 at 5, 7.

months between his deposition of the relevant witnesses and the deadline for such motions set by the scheduling order. *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (cleaned up). Again, it appears that Mr. Maese was not incarcerated for eight of those months, *see* Dkt. No. 68-1, and he proved able to file a previous dispositive motion just one month after the scheduling order was entered, *see* Dkt. No. 13. To show good cause to amend a scheduling order under Rule 16(b)(4), a litigant must "show the scheduling deadlines cannot be met despite [the litigant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *accord S.G. by and through Gordon v. Jordan Sch. Dist.*, 333 F.R.D. 220, 224 (D. Utah 2019). The court cannot conclude that Mr. Maese met this requirement.

Whatever its power to do so, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); Federal R. Civ. P. 56(f), the court would not lightly grant summary judgment absent a proper motion seeking such relief under any circumstances, *see First Am. Kickpoo Operations, L.L.C. v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005); *Goldstein v. Fidelity & Guar. Ins. Underwriters*, 86 F.3d 749, 751 (7th Cir. 1996). Given the considerations already recounted, the court will not do so here.

For all of these reasons, Docket Number 54, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. Docket Number 64, Plaintiff's Cross-Motion for Summary Judgment is **DENIED AS UNTIMELY**. Given the court's ruling on these motions, there is no need to disturb Judge Romero's order denying as moot Docket Number 65, Defendant's Motion to Strike, and Docket Number 67, Plaintiff's Motion for an Extension. To the extent that the objections raised by Mr. Maese and Officer Serrano are inconsistent with this ruling, *see* Dkt. Nos. 83 & 83, those objections are **OVERRULED**.

    **IT IS SO ORDERED**.

DATED this 30th day of September, 2024.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge