Francis Chiaramonte (14157)
472 E Weisheimer Rd
Columbus OH 43214
385-444-5554
francis.w.chiaramonte@gmail.com

Attorney for *Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| S. Steven Maese,<br>    PLAINTIFF,<br><br>         and<br><br>South Jordan City, *et al.*<br>    DEFENDANTS. | **MOTION TO MODIFY SCHEDULING ORDER**<br><br>Case No. 2:21-cv-00562-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

COMES NOW S. STEVEN MAESE by and through counsel and moves the court to modify its Scheduling Order. Maese asks to enlarge the time for filing a dispositive motion. Previously, the Parties objected to the Commissioner's Recommendation and now the court has decided that objection, upholding both the Defendant's Officer Johnny J. Serrano's lack of Qualified Immunity and that he violated Maese's Fourth Amendment rights. Given this ruling, Maese can show good cause why he should be permitted to file a motion for summary judgment because the court has found the relevant facts and decided the applicable law.

## STATEMENT OF FACTS

1. Here, the Scheduling Order states, "Dispositive motion cut-off December 30, 2022."[1]

2. On August 22, 2023, the court issued its Report & Recommendation.

---

[1] ECF 12.

3. The Parties objected to the Report & Recommendation.

4. On September 30, 2024, the court issued its order on Motion for Summary Judgment.

## Argument

Trial judges and magistrates have broad discretion to modify scheduling orders . in *Summers v. Missouri Pac. R.R. Sys.*, the Tenth Circuit stated, "this court has recognized that a scheduling order can have an outcome-determinative effect on the case and 'total inflexibility is undesirable'."[2] Fed R. Civ. P. 16(b)(4) states a scheduling order "may be modified only for good cause and with the judge's consent."[3] Fed R. Civ. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[4] Therefore, an extension of a deadline within a scheduling order may "only be granted for good cause regardless of when the extension was requested."[5] "But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect."[6]

The good cause and excusable neglect standards are "interrelated, but not identical."[7] "Good cause requires a greater showing than excusable neglect."[8] "Good cause comes into

---

[2] *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

[3] Fed R. Civ. P. 16(b)(4).

[4] Fed R. Civ. P. 6(b)(1)(B).

[5] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017).

[6] *Id*.

[7] *Id*.

[8] *Id*. (internal punctuation and quotations omitted).

play in situations in which there is no fault—excusable or otherwise."[9] "In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[10] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[11]

On the other hand, excusable neglect "requires some showing of good faith on the part of the party seeking the [extension] and some reasonable basis for noncompliance within the time specified."[12] "[It] is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."[13] Rather,[i]t is an equitable standard and courts should consider four factors when determining whether neglect is excusable: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[14]

These standards "should be liberally construed to advance the goal of trying each case on the merits."[15] But an extension of a deadline "is by no means a matter of right."[16] And in

---

[9] *Id.* (internal quotations omitted).

[10] *Id.* at 700-701 (internal quotations omitted).

[11] *Id.* at 701 (internal quotations omitted).

[12] *Id.* (internal quotations omitted).

[13] *Id.* at 701 n.2 (internal quotations omitted).

[14] *Id.* (internal quotations omitted).

[15] *Id.* at 700 (internal quotations omitted).

[16] *Id.* (internal quotations omitted).

applying these standards, a motion to extend a particular deadline need not be viewed in a vacuum.[17] The motion may be considered within the context of the litigation as a whole.[18]

Here, the Scheduling Order's deadline for dispositive motions was December 30, 2022. When that deadline passed, Maese was in the Salt Lake County jail because on November 17, 2022, agents of Defendant South Jordan City arrested Maese without out a warrant for felonies alleged to have occurred in June through August of 2022. Agents of South Jordan also booked Maese on First Degree felonies which the State subsequently dropped—which allowed Maese to be released on bond—because of a lack of evidence. South Jordan created the circumstances which led to Maese missing the dispositive motion deadline.[19]

The court in its ruling stated that Maese could have filed a dispositive motion before his arrest, and this is certainly true. But strategically, just as Defendants have done several times in this very case, parties often wait until the last day of filing so opposing parties cannot address arguments in their primary motion. Maese is facing strict liability charges requiring no *mens rhea*, so even if he were guilty of the crimes he's charged with, he could not have foreseen his arrest, much less an arrest a month-and-a-half before the dispositive motion deadline.

Furthermore, now that the court (over a year later) has issued its ruling on the Defendant's Motion for Summary Judgment, many aspects of fact and law have been decided. It made no sense for Maese to seek a deadline extension before the court's ruling.

---

[17] *Id*. at 702.

[18] *Id*.

[19] This fact is not addressed by the most recent Memorandum and Scheduling Order, issued by this Court (Dkt. 89)

These circumstances necessitate an extension of the dispositive motion deadline because they are caused by something outside of Maese's control: (1) the timing of rulings on Objection to Report & Recommendation which changed the landscape of the case; and (2) Maese's arrest and subsequent pre-trial incarceration. The deadline could not have been met despite Maese's due diligence.

Defendants will also suffer no prejudice by the deadline's extension. The Defendants had their opportunity to argue facts and law and they have. Now, there are no disputed factual issues requiring the case to be resolved at trial. The Defendants cannot be prejudiced merely because they are on the wrong side of the facts and the law. They have had their opportunity which is all justice requires.

Finally, extending the dispositive motion advances this case because no trial date has been set. All Parties have been waiting for the court's ruling on the objections to the Report & Recommendation. Now that the ruling has been issued, filing a subsequent dispositive motion can only help resolve this case in a timely and efficient manner.

## Conclusion

Under these circumstances, Maese has established good cause and excusable neglect to extend the Scheduling Order's dispositive motion deadline.

SUBMITTED this 14th day of October 2024.              */s/ Francis Chiaramonte*
                                                    Francis Chiaramonte
                                                    Attorney for Plaintiff

## Certificate *of* Service

I certify I sent copies of the preceding document via email to:

                        R. Scott Young:    rsyoung@spencerfane.com

          Richard A. Van Wagoner:    rvanwagoner@spencerfane.com

DATED this 14th day of October 2024.　　　　*/s/ Francis Chiaramonte*
　　　　　　　　　　　　　　　　　　　　　　　　Francis Chiaramonte