FILED
2026 JAN 28 PM 7:36
CLERK
U.S. DISTRICT COURT

S. Steven Maese
  steven.maese@gmail.com
3892 W Coastal Dune Dr
South Jordan UT 84009-4715
801-690-6960

*Plaintiff pro se*

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTAL DIVISION

| | |
|---|---|
| S. Steven Maese,<br>    PLAINTIFF,<br><br>        -v-<br><br>South Jordan City, et al.,<br>    DEFENDANTS. | **MEMORANDUM OPPOSING DEFENDANT'S MOTION IN LIMINE**<br><br>Case № 2:21-cv-0562-DBB-CMR<br><br>Judge Howard C. Nielson, Jr. |

DEFENDANT SERRANO'S ILLEGAL PROTECTIVE SWEEP was the proximate and "but-for" cause of Maese's incarceration, substantial legal fees, and destruction of property. Having *already been denied qualified immunity*, Defendant now seeks to eviscerate 42 U.S.C. § 1983's remedial purpose by limiting recovery to nominal damages. This position is flatly inconsistent with Tenth Circuit precedent and the common-law principle of Intrusion Upon Seclusion. Ultimately, proximate cause is a factual determination reserved exclusively for a jury.

## QUESTION PRESENTED

Under 42 U.S.C. § 1983, what is the scope of liability when a Fourth Amendment violation serves as the predicate for subsequent search warrants, criminal charges, and incarceration?

## STATEMENT OF FACTS

1. In the so-called Second Search Warrant, South Jordan Police Officer Philips submitted an affidavit seeking a search warrant specifically to seize firearms. In that affidavit, he explicitly relied on observations made during Defendant Serrano's illegal sweep. The court's prior recommendation states, "Officer Phillips stated that during the protective sweep the officers encountered two closets that had firearms in them… Officer Phillips

also stated that he reviewed the body worn cameras of the two officers who had conducted the protective sweep..."[1]

# Argument

Defendant Serrano argues that because Maese's claims challenging the validity of subsequent search warrants were dismissed on summary judgment, Maese is legally barred from recovering damages arising from with the execution of those warrants and the resulting criminal prosecution. Defendant contends the issuance of the warrants and the independent decisions of prosecutors constitute superseding causes that sever the chain of liability, limiting Plaintiff to nominal damages for the "technical" violation of the five-minute sweep.[2]

This argument is fundamentally inconsistent with the Tenth Circuit's holdings in *Martinez v. Carson*, the reasoning articulated in *Train v. City of Albuquerque*, and settled common-law tort principles of Intrusion Upon Seclusion.[3]

All evidence shows that Defendant Serrano's unconstitutional sweep was the proximate and "but-for" cause of the discovery of firearms, which in turn was the proximate cause of the excess bail, legal fees, incarceration, and psychological trauma Maese suffered. Under principles of tort liability inherent in § 1983, a defendant is liable for the natural and foreseeable consequences of his unconstitutional conduct. It is plainly foreseeable that conducting an illegal home entry may uncover contraband and lead to warrants, arrests, and prosecution. Accordingly, the damages arising from these downstream events are recoverable, and the question of proximate cause is a factual determination reserved for a jury.

---

[1] Report & Recommendation re: ECF 54 & 64 and Order Denying ECF 65 & 67.

[2] See generally, Motion in Limine.

[3] *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012); *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243 (D.N.M. 2009).

1. **Tort Liability and §1983.**

42 U.S.C. § 1983 is not a symbolic or declaratory statute; it is a remedial statute intended to compensate victims for the real and foreseeable injuries caused by constitutional violations.

  a. *The "Background of Tort Liability"*

In *Monroe v. Pape*, the Supreme Court held 42 U.S.C. § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions."[4] This principle governs here.

In common law torts, a tortfeasor is liable not only for the immediate impact of his conduct, but also for the consequential damages that naturally and proximately flow from that conduct.

  b. *The Common Law Analogy: Intrusion Upon Seclusion*

The Defendant argues damages should be limited to the momentary invasion of the sweep itself, a nominal amount. Yet the constitutional violation here—a warrantless entry into a private home—is most analogous to the common law tort of *Intrusion Upon Seclusion*.

    i. *The Definition of the Tort*

The Restatement (Second) of Torts § 652B, defines Intrusion Upon Seclusion as:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Defendant Serrano's conduct fits this definition precisely. He intentionally and physically intruded into the seclusion of Maese's home without a warrant. What could be more offensive?

    ii. *Scope of Damages (Restatement § 652H)*

Critically, the common law *never* limits damages for this tort merely to the immediate mental anguish of the intrusion. Restatement (Second) of Torts § 652H explicitly authorizes recovery for three distinct categories of harm:

  a) The harm to his interest in privacy resulting from the invasion;

---

[4] *Monroe v. Pape*, 365 U.S. 167, 187 (1961).

    b) The mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

    c) Special damage of which the invasion is a legal cause.[5]

This third category—*special damages*—is fatal to Defendant's motion. In tort law, "special damages" refer to pecuniary or economic losses that result from the defendant's conduct. The special damages here are the quantifiable economic costs Maese incurred because of the intrusion. The illegal sweep—the intrusion—revealed firearms. That revelation led to a warrant specifically identifying firearms to be seized, which led to the specific bail, the specific gun-related legal fees, and the incarceration costs.

Under the very tort principles that inform § 1983, Maese is entitled to recover these special damages because the unconstitutional intrusion was their legal cause. Limiting damages to a nominal amount would be to arbitrarily excise subsection (c) from the Restatement, contravening the Supreme Court's directive to apply common-law tort principles to § 1983 actions.

    c. *Proximate Cause in the Tenth Circuit*

The Tenth Circuit mirrors this common law framework. In *Trask v. Franco*, the Tenth Circuit held a defendant is liable for the proximate harm caused if he "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights."[6]

Likewise, in *Martinez v. Carson*, the Tenth Circuit stated, "The requisite causal connection is satisfied if [the defendants] set in motion a series of events that [the defendants] knew or reasonably should have known would cause others to deprive [the plaintiffs] of [their] constitutional rights."[7]

---

[5] Restatement (Second) of Torts § 652H (Am. Law Inst. 1977).
[6] *Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).
[7] *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012).

In *Martinez*, the Tenth Circuit rejected the argument that a transfer of custody broke the chain of causation. The court held that a jury could find the initial unconstitutional conduct to be the proximate cause of the prolonged detention that followed. Unless intervening acts are "unforeseeable," the chain of causation remains intact.

**2. Defendant Serrano ignores *Train v. City of Albuquerque*.**

*Train v. City of Albuquerque* squarely supports Maese's position and applies the precise framework governing this case.[8]

  a. Factual Parallels to Maese

The factual parallels between *Train* and this case are striking:

**The Violation:** In *Train*, officers conducted a warrantless search of Train's apartment without exigency or consent. Here, Defendant Serrano conducted a warrantless search of Maese's home after Maese was already in custody outside, without specific articulable facts justifying entry. This court has already found Defendant Serrano lacked exigency or consent.

**The Discovery:** In *Train*, the illegal search revealed a handgun; Train was a restricted person from a felony conviction. Here, the illegal sweep revealed firearms while Maese was a "restricted person" under a protective order.

**The Consequences:** In *Train*, discovery of a gun led to indictment, incarceration, and the criminal defense attorney fees. Here, the discovery of firearms led to search warrants, enhanced charges, increased bail, incarceration (four days/three nights), and substantial legal fees.

**The Damages Sought:** Train sought damages from lost income, attorney's fees, and emotional distress. Maese seeks identical and additional categories of damages.

  b. The *Train* Holding Regarding Damages

The defendants in *Train* moved to exclude evidence of damages related to the criminal prosecution, arguing—just as the Defendant does here. The *Train* court rejected those arguments:

---

[8] *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243 (D.N.M. 2009).

5

**Rejection of the Townes Limitation:** The court acknowledged rulings from other circuits (e.g., Townes in the 2nd Circuit) barred such damages but noted the Tenth Circuit takes a "broad view" of the interests protected by the Fourth Amendment.

**Liberty Interests:** The court reasoned, "Federal criminal charges, federal detention, and all of the negative consequences of those charges... implicated [the plaintiff's] interest in liberty and his sense of security and individual dignity." Therefore, losses associated with incarceration and prosecution "should be compensable."

**Proximate Cause is for the Jury:** The court concluded that whether the illegal search was the proximate cause of the plaintiff's indictment and incarceration was a question of fact. The court stated, "A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations. The recovery should be guided by common-law tort principles—including principles of causation."[9]

    c. *Application to This Case*

But for Defendant Serrano's illegal protective sweep, firearms would not have been discovered. Without that discovery, the "Second Search Warrant," based on probable cause *observed during the sweep*, would not have issued. Without that warrant, Maese would not have faced charges related to weapons, elevated bail, additional jail time, or additional legal fees.

3. **The Causal Chain in This Case.**

To defeat the Motion in Limine, Maese must demonstrate that the causal link between the violation and the damages is not merely speculative but supported by the record.

    a. *The "But-For" Causation*

The sequence of events is critical and undisputed:

1. **Arrest:** Maese is arrested outside his home.

---

[9] *Id.* at 1251.

2. **The Violation (Protective Sweep):** Defendant Serrano conducts a warrantless protective sweep. He observes "a shotgun and an AR-15" and verbally notes other weapons.

3. **The Second Warrant:** Officer Phillips submits an affidavit for a second search warrant specifically to seize firearms. In this affidavit, he *explicitly relies* on the illegal sweep. This court previously noted, "Officer Phillips stated that during the protective sweep the officers encountered two closets that had firearms in them... Officer Phillips also stated that he reviewed the body worn cameras of the two officers who had conducted the protective sweep..."[10] Presumably, the signing judge (Judge McKelvie) relied on these statements in issuing the Second Warrant.

This is the smoking gun of causation. Defendant Serrano argues the warrants were "independent" and therefore sever liability. The affidavit for the Second Warrant, however, cited the fruits of the illegal sweep as the probable cause for the warrant. There is no "independence" here; the warrant was directly derivative of the constitutional violation.

      b.  *The Damages Flowing from the Discovery (Special Damages)*

Using the *Restatement § 652H(c)* framework, we analyze the specific items of damage the Defendants seek to exclude: 1) Bail Difference ($9,000); 2) Attorney Fees ($17,000) and Incarceration ($40,000); and 3) Reputation ($100,000) and Trauma ($831,700)

The Defendants argue these damages stem from the "criminal prosecution". But the nature of the prosecution defined the injury. Being prosecuted as a threat to public safety (implied by the seizure of firearms) carries a stigma distinct from the initial illegal self-defense allegation. Moreover, the trauma of having one's home invaded and ransacked is a direct injury from the sweep and the subsequent searches it spawned. These are all facts for a jury to decide.

---

[10] Report & Recommendation re: ECF 54 & 64 and Order Denying ECF 65 & 67.

### 4. Rebutting the "Independent Intermediary" Fallacy.

The Defendants' primary legal defense is that the issuance of the search warrants by Judge McKelvie constitutes a superseding cause that breaks the chain of liability.

#### a. *The Exception for Tainted Information*

The "independent intermediary" doctrine protects officers when the intermediary makes a truly independent decision based on untainted information. It does not apply when the officer provides information obtained through unconstitutional means that is essential to the decision.[11]

In *Martinez v. Carson*, the Tenth Circuit held that officers could be liable for prolonged detention even after transferring custody if they "knew or reasonably should have known" that their initial conduct would lead to that result. Here, Defendant Serrano conducted the sweep. The information from that sweep (the presence of guns) was then passed to Officer Phillips, who put it directly into the affidavit for the second warrant. A state judge then issued a warrant based on the *ill-gotten* information. The judge was acting on the poisoned fruit provided by the police. A judge's issuance of a warrant does not shield an officer from liability for the illegal search that generated the probable cause for that warrant.

#### b. *Foreseeability is a Jury Question*

Ultimately, Defendant Serrano is asking the Court to decide a factual issue: was prosecution after the Fourth Amendment violation foreseeable? Accordingly, in *Lippoldt v. Cole*, the Tenth Circuit stated it, "… has found liability for those defendants who proximately caused an injury alleged under § 1983 and stated that the fact that the 'conduct of other people may have concurrently caused the harm does not change the outcome as to [the defendant],' so long as there was not a superseding-intervening cause of a plaintiff's harm."[12]

---

[11] *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) ("Despite review by an independent intermediary, the initiating party may be liable … if the plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant.")

[12] *Lippoldt v. Cole*, 468 F.3d 1204, 1220 (10th Cir. 2006).

It is entirely foreseeable to a police officer that raiding a home will reveal contraband and lead to warrants, arrests, and legal fees. And, as affirmed in *Martinez*, whether this chain was broken by an unforeseeable act is a question for a jury.

## CONCLUSION

The Defendant's Motion in Limine is an attempt to relitigate summary judgment disguised as an evidentiary motion. It seeks to strip Maese of his right to be made whole for a constitutional violation by artificially severing the violation from its consequences. But Tenth Circuit law—as elucidated in *Martinez v. Carson*, applied in *Train v. City of Albuquerque*, and the common law principles of *Intrusion Upon Seclusion*—supports Maese's position.

For the foregoing reasons, the Maese respectfully requests that the court deny the Defendant's Motion in Limine to Limit Damages.

SUBMITTED this 29th day of January 2026.

S. Steven Maese

# Certificate *of* Service

I certify I sent copies of the preceding document via email to:

    R. Scott Young: rsyoung@spencerfane.com

DATED this 29th day of January 2026.

            _____
            S. Steven Maese