FILED
2026 FEB 12 PM 12:36
CLERK
U.S. DISTRICT COURT

S. Steven Maese
  steven.maese@gmail.com
3892 W Coastal Dune Dr
South Jordan UT 84009-4715
801-690-6960

Plaintiff *pro se*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| S. Steven Mese,<br>   Plaintiff,<br><br>and<br><br>South Jordan City, *et al.*,<br>   Defendants. | **MOTION FOR REVISION OF INTERLOCUTORY ORDER**<br><br>Case № 2:21-cv-0562-DBB-CMR<br><br>Judge Howard C. Nielson, Jr. |

Comes now S. Steven Maese and under Fed. R. Civ. P. 54(b), moves the court to revise its interlocutory orders dismissing the Fourth and Fifth Causes of Action. Two developments compel revision: (1) the Court's subsequent ruling that Officer Serrano's "protective sweep" was unconstitutional and that qualified immunity does not apply; and (2) discovery identifying Sergeant Sean Patrick Phillips as the "John Doe" officer who procured the subsequent search warrants by exploiting that unconstitutional sweep.

# Statement of Facts

1. In his Case Narrative, Seargent Sean Phillips wrote:

   After reviewing screening paperwork provided by Officer Serrano regarding the incident, I found that elements of the following crimes were met:

   Arianna Marie Adame

Arianna arrived at 3892 W Coastal Dune Dr in South Jordan, attempted to kick in the front door, attempted to damage property on the porch and once inside the residence, injured Steven in an assault.

1) Residential Burglary / DV 76-6-202 2nd Degree Felony
2) Assault / DV 76-5-102 Class B Misdemeanor[1]

2. Utah Code § 76-2-402(2)(b) states:

An individual is justified in using force intended or likely to cause death or serious bodily injury only if the individual reasonably believes that force is necessary to prevent death or serious bodily injury to the individual or another individual as a result of imminent use of unlawful force, or to prevent the commission of a forcible felony.[2]

3. Utah Code § 76-2-402(1)(a) states:

"Forcible felony" means … arson, robbery, and burglary as defined in Chapter 6, Offenses Against Property.

(b) An individual is justified in using force intended or likely to cause death or serious bodily injury only if the individual reasonably believes that force is necessary to prevent death or serious bodily injury to the individual or another individual as a result of imminent use of unlawful force, or to prevent the commission of a forcible felony.[3]

4. Utah Code § 76-5-102, Assault, states:

(1) Terms defined in Section 76-1-101.5 apply to this section.
(2) An actor commits assault if the actor:
    (a) attempts, with *unlawful* force or violence, to inflict bodily injury on an individual; or
    (b) commits an act, with *unlawful* force or violence, that:
        (i) causes bodily injury to an individual; or
        (ii) creates a substantial risk of bodily injury to an individual.[4]

---

[1] Sgt. Phillips' Case Narrative attached as Exhibit A.

[2] Utah Code § 76-2-402(2)(b).

[3] Utah Code § 76-2-402(1)(a).

[4] Utah Code § 76-5-102 (emphasis added).

5. Utah Code § 76-5-103, Aggravated Assault, states:

    (2) An actor commits aggravated assault if:
      (a)
        (i) the actor attempts, with *unlawful* force or violence, to do bodily injury to another;
        (ii) the actor makes a threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
        (iii) the actor commits an act, committed with *unlawful* force or violence, that causes bodily injury to another or creates a substantial risk of bodily injury to another;[5]

6. The State of Utah dismissed all charges against Maese with prejudice.

7. Sgt. Phillips' warrant application relies solely upon information gathered during the illegal sweep and never mentions any evidence gathered from subsequent searches.[6]

# ARGUMENT

## 1. The court has authority to revise its interlocutory orders.

Rule 54(b) empowers a district court to revise any interlocutory order before final judgment, and because the prior orders dismissing Claims 4 and 5 are interlocutory, this Court retains full authority to revise them. The Court's own intervening ruling on the illegality of the sweep—together with Phillips's identification—supplies the requisite cause.

Fed. R. Civ. P. 54(b) states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

---

[5] Utah Code § 76-5-103 (emphasis added).

[6] Warrant Application attached as Exhibit B.

3

as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims.[7]

Here, the order granting summary judgment on Claims 4 and 5 adjudicated fewer than all claims. No final judgment has been entered. Accordingly, this court may revise those orders at any time before final judgment.

And, in *Servants of Paraclete v. Does,* the Tenth Circuit wrote, "… a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[8] We are not yet to a stage for reconsideration, but similar logic applies.

In its interlocutory order, the court dismissed causes of action four and five simply because the causes of action alleged violations by "Unknown Defendants," stating, "'Plaintiff' cannot defeat summary judgment by relying on the naming of a John or Jane Doe defendant."[9]

Here, the court has ruled that the protective sweep was unconstitutional and that officers lack qualified immunity—an intervening change in the controlling posture of this case. Discovery has also produced evidence: Phillips's own Supplemental Report and sworn affidavits proving he reviewed the illegal sweep footage and used it to obtain the warrants.

Also, the Defendants here have led the court into misapprehending facts and their positions. First, Maese never *assaulted* anyone.[10] Maese legally defended himself from a second-degree felony domestic violence aggravated burglary, as determined by the Defendants. Since

---

[7] Fed. R. Civ. P. 54(b).

[8] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[9] Report & Recommendation, pg. 30.

[10] *Assault*, as used by Defendants, is a legal term of art and its use is dubious. Defendants could use the terms force, violence, or cause bodily injury, but those are less inflammatory.

4

the charges were dismissed, the Defendants are estopped from asserting otherwise. Moreover, the Defendants lead the court to believe that a warrant for forensic evidence cured the defects in the warrant application for guns; this is factually false. Defendants applied for a second warrant solely on information observed through the illegal sweep. That is a patent *Franks* violation. Lastly, Defendants misrepresent the court's prior ruling. They repeatedly claim that the court has upheld the validity of the warrants obtained by the Defendants;[11] this is patently false and a misrepresentation of the courts' ruling.

Accordingly, sufficient cause exists to revise the prior orders dismissing Claims 4 and 5.

## 2. Sergeant Sean Phillips must be substituted for a "John Doe" defendant.

Rule 15(c)(1)(C) permits relation back when the newly named defendant knew or should have known of the action but for an identity mistake, and because Sergeant Sean Phillips—who shared counsel and identity of interest with the named defendants—plainly knew, the amendment substituting his name relates back to the original filing.

In *Krupski v. Costa Crociere S.p.A.*, the United State Supreme Court held that Fed R. Civ. P. 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing her original complaint.[12]

---

[11] In several of its documents, Defendants state, "… damages arise from the execution of *validly* issued search warrants, and this Court has granted summary judgment on Mr. Maese's claims …" implying that this court has adjudicated the warrants as legally valid.

[12] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 (2010).

Here, Sergeant Phillips, as the Investigations Unit Supervisor, personally reviewed the illegal sweep footage, briefed his team, and swore out the warrant affidavits. He shares counsel (Spencer Fane LLP) and identity of interest with the named defendants. He knew that the complaint's challenge to the "unknown officer" who procured the warrants was directed at him.

Sgt. Phillips knew or should have known he would have been named but for a mistake of identity. The amendment relates back under Rule 15(c)(1)(C).

# 3. The Fourth Cause of Action: *Franks* violation from the warrant application.

Under *Franks v. Delaware*, the Fourth Amendment prohibits an officer from procuring a warrant through knowing or reckless omissions of material facts. Because Phillips omitted the critical fact that his sole basis for probable cause came from a now-adjudicated unconstitutional search, his warrant affidavit constitutes a *Franks* violation. When the tainted information is excised, no probable cause remains.

In *United States v. Campbell*, the Tenth Circuit stated:

> [A] defendant's Fourth Amendment rights are violated if (1) the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) after excising such false statements and considering such material omissions the corrected affidavit does not support a finding of probable cause.[13]

Here, Sgt. Phillips' affidavit for the Second Warrant stated officers "encountered two closets that had firearms in them and a large locked gun safe" during a sweep—but omitted that the sweep was warrantless, non-consensual, and conducted after Maese was already in custody

---

[13] *United States v. Campbell*, 603 F.3d 1218, 1228 (10th Cir. 2010).

outside the home. This Court has since ruled that sweep unconstitutional. When those tainted observations are excised, Sgt. Phillips had zero contemporaneous evidence of firearms in the home; his affidavit relied solely on remote criminal history and "anti-police" flags.

Therefore, the corrected affidavit fails to support probable cause. Sgt. Phillips' omission was, at minimum, reckless. This states a viable *Franks* claim warranting reinstatement.

## 4. The Fifth Cause of Action: *Unreasonable Seizure* as fruit of the poisonous tree.

The good-faith exception under *Leon* does not apply when the affiant himself misled the magistrate, and because Sgt. Phillips—who was aware of the prior illegality—personally procured the warrant, the seizure of 27 firearms and the destruction of Maese's property are compensable fruits of the unconstitutional sweep.

Where the underlying warrant is invalid, the subsequent search and seizure from the invalid warrant cannot be legal. Under 42 U.S.C. § 1983, a plaintiff may recover compensatory damages for injuries proximately caused by a constitutional violation. The fruit-of-the-poisonous-tree doctrine determines the scope of compensable injury.[14]

Here, the Salt Lake County District Attorney's Office dismissed all charges against Maese because "all physical evidence would be excluded from trial because it was obtained illegally." Moreover, the Utah District Court found the violation so egregious, it dismissed the charges with prejudice. The direct, foreseeable consequences of Phillips's exploitation of the illegal

---

[14] *Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963).

sweep include destruction of Mr. Maese's $1,700 gun safe, seizure of 27 firearms, a $100,000 bail increase, and four days of incarceration.

These damages are compensable under § 1983 as proximate results of the constitutional violation. The Fifth Cause of Action must be reinstated.

## Conclusion

Each argument above proceeds by necessary deduction from binding federal authority to the undisputed facts of this case. Accordingly, Maese respectfully requests that the Court:

(1) Revise its interlocutory orders, reinstating the Fourth and Fifth Causes of Action;

(2) Substitute Sergeant Sean Patrick Phillips as the defendant on those claims; and

(3) Determine that the amendment relates back to the original filing under Rule 15(c).

DATED this 12th day of February 2026.

_____
S. Steven Maese

## Supplement

Reporting Officer: S. Phillips

South Jordan Police Department
Case Narrative

Case Number: 19F013094

Date and Time: Thu Sep 26 22:58:07 MDT 2019

Narrative:

I was assigned to review the reports written by the involved officers, the Sexual Assault Examination from the Wasatch Forensics nurse and evidence. This incident involves two subjects, male and female, who were physically and intimately involved in the past. Both subjects are being screened for criminal charges as they were both suspects and victims of assault.

Evidence:
Wasatch Forensics Sexual Assault Examination
Photographs of injuries to Arianna
Photographs of injuries to Steven
Photographs of residence
Photographs of vehicle
Video surveillance from residence doorbell camera
Audio/Visual recording of interview with Santiago "Steven" Maese
Audio recording of interview with Arianna Adame
Active Pretrial Protective Order
Photographs from Body Worn Cameras of weapons

Synopsis:

Arianna Adame (DOB 5/13/98 / UT DL 215580226) and Santiago "Steven" Maese (DOB 12/6/76 UT DL 153640999) were the involved persons.

Arianna came to Steven's residence at 3892 W Coastal Dune Dr in South Jordan, Utah at approximately 22:37 hrs on the evening of 9/24/19. Arianna arrived in a violent manner, kicking Steven's front door, hitting the door with her fists, stomping on a package found on the porch and ultimately engaging Steven when he opened the front door. Arianna was yelling at Steven throughout her arrival and cursing at him. Once Steven had the door opened, Arianna entered the residence. Her arrival was recorded on a doorbell surveillance camera.

Arianna left Steven's residence at approximately 22:51 hrs and is seen running away to the street. The backside of Arianna's shirt and pants appear to have areas of discolored clothing. Steven exited the home and appeared to look up and down the street, before entering the home again. He did this a few times. The time lapse between Arianna entering and then leaving the residence was approximately 14 minutes.

Initial contact and statement, Arianna Adame:

On 9/24/2019 at approximately 22:54 hours, Officers responded to the Holiday Gas service station located at 10419 S 4000 W in South Jordan, Utah. On arrival they encountered a female, identified as Arianna Adame, inside of a vehicle. Arianna had obvious signs of trauma to her face and evidence of defecating and urinating on herself was present on her and in the vehicle.

Arianna provided information stating she had been punched repeatedly in the head area, was strangled several times, to the point that she urinated on herself. Arianna identified the assailant as Steven and the residential address was obtained.

For further regarding interviews conducted with Arianna, see Detective W. Barr's report.

Wasatch Forensic Examination:

Arianna was transported to the Jordan Valley Emergency Room by the South Jordan Fire Department. The Wasatch Forensics nurse was requested and the strangulation protocol was requested. A forensic examination was completed by Terri Paine-Cameron BSN, RN and a report was provided to the South Jordan Police Department. The report documented severe trauma to Arianna's facial area. Trauma was also noted to Arianna's neckline.

Arianna described being strangled by Steven as he sat on her chest, to the point that she feared for her life, couldn't breathe, was coughing up blood and urinated.

For a thorough listing of injuries and Arianna's initial answers to what occurred, please refer to the attached report.

Initial statement, Santiago "Steven" Maese:

Officers were advised that Steven had many firearms in the home and due to the nature of what was reported, contacted and took Steven into custody at the residence. Steven was transported to the South Jordan Police Department, where he was interviewed. The interview was conducted by Officer A. Thompson in an interview room.

Post Miranda, Steven advised the following:

Arianna arrived at his home and was beating on the front door to his house. When he answered the door, Arianna started to assault him, hitting him in the face, causing a laceration on his nose and knocking a veneer off his tooth. Steven said that he had "bear hugged" Arianna to get her to stop hitting him and had struck her in the face with a closed fist to get her to stop hitting him. He admitted to putting Arianna into a choke hold while striking her face with a closed face, pushed her to the ground and straddled her while holding her shoulders down.

Steven said he told Arianna that she needed to leave the home and then let her get up and leave. Steven denied that Arianna had urinated, defecated or vomited during the incident. He said that Arianna might have brought a beverage into the home with her and it had spilled.

For further, please refer to Officer A. Thompson's report.

Warrant service:

A warrant was approved to enter the residence at 3892 W Coastal Dune Dr in South Jordan. It was served and forensics processed the crime scene and evidence collection. Among items observed, paper towels with yellow fluid were recovered and photographed. For further, see Technician Skog's report.

Vehicle at 10419 S 4000 W (Holiday Oil service station):

Photographs were taken of the vehicle Arianna was found in. The photographs show fecal matter throughout the interior. For further, see Technician Skog's report.

Records check:

When I checked criminal history on both parties, Arianna didn't have one. Steven had several arrests on domestic violence cases, but no convictions. One case, having occurred in South Jordan, Utah was still pending.

I found several protective orders and found that the one issued in South Jordan by the Justice Court stated Steven was weapons restricted. It stated that Steven was "prohibited from purchasing, using, or possessing a firearm or any of the following WEAPONS". The Protective Order was issued by the Honorable Judge Michael Boehm, on 8/29/2019. I attached a copy of the active protective order to the case file.

Protective Order Violation:

I had been contacted by telephone during the incident, being the Investigations Unit Supervisor. During the course of being briefed on the incident, I was advised that officers had cleared the home after taking Steven into custody. During that protective sweep for additional persons in the home, the officers encountered two closets that had firearms in them and a large locked gun safe in the basement of the residence.

Noting the active pre-trial protective order, I reviewed the body worn cameras of two officers and found that video of a shotgun and an AR-15 had been recorded. I took screen shots and noted the times on each video where weapons were observed. I booked the screen shots into evidence and documented the body worn camera time stamps and officer statements as follows:

Officer B. Talbot
9/25/19  Recording 2:02:28 AM
10:06 minutes "guns, shotgun, AR"
11:51 minutes Gun safe in basement observed
15:05 minutes "Another AR"
15:30 minutes states weapons observed during the protective sweep

Officer J. Serrano
9/25/19  Recording 1:48:41 AM
23:28 minutes advises he sees a shotgun, 2 ARs and guns
I requested the two officers complete supplemental reports advising of their observations.

After reviewing screening paperwork provided by Officer Serrano regarding the incident, I found that elements of the following crimes were met:

Arianna Marie Adame

Arianna arrived at 3892 W Coastal Dune Dr in South Jordan, attempted to kick in the front door, attempted to damage property on the porch and once inside the residence, injured Steven in an assault.

1) Residential Burglary / DV 76-6-202 2nd Degree Felony
2) Assault / DV   76-5-102 Class B Misdemeanor


EXHIBIT A

*Officer Report for Incident 19F013094*                                                                 *Page 7 of 36*

---

Santiago Steven Maese

Steven allowed Arianna entry and never attempted to contact police for assistance on her arrival. Once Arianna was in the residence, an assault was initiated and during the course of the incident evidence shows Arianna received serious bodily injury and loss of consciousness.

Officers observed handguns, rifles and a shotgun in the residence inhabited by Steven. A Pretrial Protective Order was active and served on 8/29/19.

1) Aggravated Assault / DV  76-5-103 2nd Degree Felony
2) Vio of Protective Order / DV 76-5-108 Class A Misdemeanor

09/27/19

# IN THE THIRD DISTRICT COURT - ALL DEPARTMENT

# IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

## AFFIDAVIT FOR SEARCH WARRANT

STATE OF UTAH )
:ss
County of Salt Lake )

The undersigned affiant, Sergeant SEAN PATRICK PHILLIPS of South Jordan PD, upon an oath or written affidavit subscribed under criminal penalty, declares:

That your affiant has reason to believe:

THAT

On the premises known as 3892 W Coastal Dune Dr (10965 S.), South Jordan Utah 84095, further described as The premises is a two story conventional single family home. The home has a white garage, white front door, white trim and slate stone on the front of the home. The numbers of "3892" are to the right of the garage, in black and is framed, there are 5 windows facing South towards the roadway.

The location includes the entire premises and curtilage, including garages, sheds, outbuildings, and vehicles where the items to be seized might reasonably be kept or hidden.;

In the City of South Jordan, County of Salt Lake, State of Utah, there is now certain property or evidence described as:

Fire arms;
    Rifles
    AR style firearms
    Handguns
    Shot guns

and that said property or evidence:

Was unlawfully acquired or is unlawfully possessed;

has been used or is possessed for the purpose of being used to commit or conceal the commission of an offense; or

is evidence of illegal conduct.

Affiant believes the property and evidence described above is evidence of the crime or crimes of 1)   Aggravated Assault / DV         76-5-103    2nd Degree Felony
2)    Violation of Protective Order / DV    76-5-108    Class A Misdemeanor
3)    Restrictions on possession, purchase, transfer and ownership of dangerous weapons by certain persons 76-10-503 3rd Degree Felony.

The facts to establish the grounds for issuance of a Search Warrant are:

Your Affiant, Sean Patrick Phillips, graduated from POST on 04-2008. Your Affiant, Sean P Phillips is a sworn peace officer of the South Jordan City Police Department, and has been employed by the City of South Jordan since July 14, 2008. I current assignment is Detective Sergeant.
Your Affiant graduated from the Utah Peace Officers Standards & Training in April 25th, 2008, and has received several hours of training in various specialized police training topics to include evidence collection (2008), search warrant preparation and execution(2008), constitutional law(2008 through present), DUI detection and investigation(2008 through present), intoxilyzer operator (2008), theft and fraud detection and investigation (2009), copper theft training (2012), homicide investigation (2013), law enforcement instructor development certification (2000), field training officer course (2011), domestic violence investigations (2008), child forensic interviewing (2013), kinesic interview and interrogation (2009), written statement mapping (2010), body language techniques (2011), courtroom testimony (2009), patrol officer response to street drugs (2010), various FEMA Certificates (2008 through present), Sabre law enforcement aerosol projector instructor (2012 to present), Taser deployment (2008), Oleoresin Capsicum deployment (2008), emergency vehicle operations (2008), Homicide Investigations (2013).

Your Affiant has participated in numerous DUI and Traffic Accident investigation cases as either a primary and secondary officer.

On 9/24/2019 at approximately 22:54 hours, Officers responded to the Holiday Gas service station located at 10419 S 4000 W in South Jordan, Utah. On arrival, they encountered a female, identified as Arianna Adame, inside of a vehicle. Arianna had obvious signs of trauma to her face and evidence of defecating and urinating on herself was present on her and in the vehicle.

Arianna provided information stating she had been punched repeatedly in the head and was strangled several times, to the point that she urinated, defecated and vomited blood on herself, losing consciousness during the incident. Arianna

- Page 2 of Affidavit for Search Warrant No. 1995541 -

identified the assailant as Steven and the residential address as 3892 W. Coastal Dune Dr, in South Jordan Utah.

Arianna was treated at Jordan Valley Hospital for her injuries. She told Detective Barr and the Forensic Nurse that she thought she was going to die. Dr. Florence stated Arianna was lucky to be alive.

The following injuries were documented by the forensics nurse during the examination conducted at the emergency room:

right eye conjunctional hemorrhage
distal right eye swelling
right cheek swelling
right medial cheek red linear abrasion
right inner ear membrane petechiae
left ocular orbital swelling and bruise
left lateral eye sub-conjunctional hemorrhage
entire left cheek swelling and bruise
medial left cheek to lips bruise
left medial cheek red linear abrasion
right upper and lower swelling and bruise
inside lower lip white abrasion
inside right cheek posterior bruising
nose deviating to right
right nostril dried blood
distal lower lip bruised
lateral right ear bruised
lateral left ear discoloration
lateral right neck red
medial neck petechiae

Steven was identified as Santiago Steven Maese (12/06/1976). It is known to Law Enforcement that Maese lives at 3892 W. Coastal Dune Dr. as South Jordan Police has responded to the location on other calls. I looked the above listed address on the Salt Lake County Assessors website, and it lists the owner of this house as S.S. Maese.

Officers were advised, by Dispatch, that Steven had many firearms in the home. Officers took Steven into custody as part of the aggravated assault investigation. Officers cleared the home after taking Steven into custody. During that protective sweep for additional persons in the home, the officers encountered two closets that had firearms in them and a large locked gun safe in the basement of the residence.

While investigating the aggravated assault, I found an active Pretrial Protective Order issued in South Jordan by the Justice Court stating Santiago Steven Maese was a weapons restricted person. The pretrial protective order, states in Condition #5. that "NO Guns or Other Weapons: The Court Having found that Defendant's use or possession of a weapon may pose a serious threat of harm to the alleged victim, the Defendant is prohibited from purchasing, using, or possessing a firearm or any of the following weapons:". The Protective Order was issued and served to Steven in the courtroom by the Honorable Judge Michael Boehm, on 8/29/2019 (Court case # 191800378).

I also found a civil stalking injunction served to Santiago Maese. The Injunction was issued and served to Steven by The 4th District Court Honorable James R. Taylor, on 8/14/2017 (Court case # 170400774). Showing a pattern of this behavior.

Noting the active pre-trial protective order, I reviewed the body worn cameras of two officers and found that video of a shotgun and an AR-15 style rifle had been recorded during their protective sweep of the home. I noted that as they observed the weapons, they verbally warned each other as they observed additional handguns and AR-15 style rifles that were not in the camera view. In the officers reports, they noted that they saw weapons but did not identify make or model.

This affidavit has been reviewed by Kristin Zimmerman of the Third District Office, and it has been approved for presentation to the court.

WHEREFORE, your affiant prays that a Search Warrant be issued for the seizure of said items at any time of the day or night because there is reason to believe it is necessary to seize the above-listed property prior to it being concealed, destroyed, damaged, or for other good reasons, to wit:

Through training and experience your I know the cover of darkness enhances and undetected approach to the residence increasing safety for officers, bystanders and suspects. I have determined the suspect(s) in this case have easily accessible firearms and a violent criminal history and he has been flagged due to past involvement with law enforcement as being anti-law enforcement..

FURTHER, your affiant prays that a Search Warrant be issued that does not require officers to knock and announce their presence prior to entry. The reasons for this request are:

Based on the information provided in the affidavit by me, I anticipate the use of a Police Tactical Team to safely execute the search warrant.

Your affiant swears that this warrant is not solely for alleged possession or use of a controlled substance or drug paraphernalia.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

Executed on: 27th day of September, 2019 @ 04:00 PM by   /s/ SEAN PATRICK PHILLIPS

## Certificate *of* Service

I certify I sent copies of the preceding document via email to:

                R. Scott Young:   rsyoung@spencerfane.com

DATED this 12th day of February 2026.

                                            S. Steven Maese