IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| S. STEVEN MAESE,<br><br>Plaintiff,<br>vs.<br><br>SOUTH JORDAN CITY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING [112] MOTION FOR REVISION OF INTERLOCUTORY ORDER<br><br>Case No. 2:21-cv-00562-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 11 & 112). Before the court is Plaintiff S. Steven Maese's (Plaintiff or Mr. Maese) Motion for Revision of Interlocutory Order (Motion to Reconsider)[1] (ECF 112). Also before the court is Defendants South Jordan City, Johnny J. Serrano (Officer Serrano), and Andrew E. Thompson's (Officer Thompson) (collectively, Defendants) Response in Opposition to the Motion (Opposition) (ECF 113), and Plaintiff's Reply (ECF 114). Having carefully considered the relevant filings, the court finds that oral argument is unnecessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion to Reconsider.

[1] Although Plaintiff labels his filing as a motion for "revision," motions seeking Plaintiff's requested relief are typically referred to as motions for "reconsideration." *See Scalia v. Beantown Painting, Inc.*, No. 2:19-CV-00353, 2020 WL 9256556, at *1 (D. Utah Dec. 29, 2020) ("Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order[.]" (citing *Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003))). Accordingly, the court refers to the present filing as a Motion to Reconsider.

## I. BACKGROUND[2]

On September 24, 2019, several South Jordan City police officers arrived at Plaintiff's home due to a domestic altercation that resulted in a 911 call (ECF 81 at 2). After Plaintiff was taken into custody, officers conducted a "protective sweep" of the home, which resulted in the finding of various firearms (*id.* at 8). On September 27, 2029, Officer Patrick Phillips (Officer Phillips) submitted an affidavit for a search warrant for Plaintiff's home, in which Officer Phillips referenced the firearms witnessed by the officers during the protective sweep (*id.*). That same day, the warrant to search Plaintiff's home was issued.[3]

As a result of the above conduct, Plaintiff initiated this 42 U.S.C. § 1983 action asserting, among other things, that the protective sweep of his home and the subsequent searches of his home were unconstitutional (Compl.) (ECF 1). Plaintiff's Complaint asserted five causes of action (*id.* ¶¶ 23–50).

On August 22, 2023, the undersigned issued a Report and Recommendation (ECF 81) on Defendants' Motion for Summary Judgment (ECF 54) and Plaintiff's Cross-Motion for Summary Judgment (ECF 64). The undersigned recommended that the court deny summary judgment as to the First Cause of Action against Officer Serrano; grant summary judgment in favor of Officer Thompson and South Jordan City as to Plaintiff's First Cause of Action; and grant summary judgment in favor of Defendants as to the Second, Third, Fourth, and Fifth Causes of Action (ECF 81 at 32). Regarding the Fourth and Fifth Causes of Action (the causes of action relevant to the

[2] The facts are drawn from the undersigned's Report and Recommendation regarding the motions for summary judgment (ECF 81).

[3] Given the parties' familiarity with the facts and procedural history of this dispute, the court will reiterate only the facts and procedural history relevant to the instant motion. A more fulsome description is included in previous court orders (*see, e.g.*, ECF 81 (Report and Recommendation ruling on the motions for summary judgment)).

present Motion), the undersigned recommended dismissal because they each asserted constitutional rights violations against "Unknown Defendants," finding that Plaintiff could not "defeat summary judgment by relying on the naming of John and Jane Doe defendant" (*id*. at 30 (citing *Peterson v. Adams*, No. 216CV00775RJSPMW, 2018 WL 4627089, at *15 (D. Utah Sept. 7, 2018), *report and recommendation adopted,* No. 216CV00775RJSPMW, 2018 WL 4621760 (D. Utah Sept. 26, 2018))). The undersigned's recommendation was adopted by District Judge Howard C. Nielson, Jr. in an Order dated September 30, 2024 (Order) (ECF 89).

On February 13, 2026, Plaintiff filed the present Motion to Reconsider pursuant to Fed. R. Civ. P. 54(b), requesting that the court revise its Order dismissing the Fourth and Fifth Causes of Action (ECF 112 at 1). In support, Plaintiff asserts that the following "[t]wo developments compel revision": (1) the Court's subsequent ruling that Officer Serrano's "protective sweep" was unconstitutional and that qualified immunity does not apply; and (2) discovery identifying Officer Phillips as the "John Doe" officer who procured the subsequent search warrants by exploiting that unconstitutional sweep (*id*. at 1).

Defendants argue that revision is not warranted because: (1) Plaintiff already raised these issues in the summary judgment briefing; (2) the statute of limitations on claims against Officer Phillips has run; (3) Plaintiff has not moved for, or obtained, leave to amend his Complaint; and (4) Plaintiff's claims against Officer Phillips fail on the merits (ECF 113 at 2–3).

## II. LEGAL STANDARDS

Plaintiff's Motion to Reconsider is brought pursuant to Rule 54(b) (ECF 112 at 1). "Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order[.]" *Scalia v. Beantown Painting, Inc.*, No. 2:19-CV-00353, 2020 WL 9256556, at *1 (D.

Utah Dec. 29, 2020) (citing *Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003)). Rule 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" remains interlocutory and "may be revised at any time" before entry of final judgment. Fed. R. Civ. P. 54(b). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (citing *Harlow v. Children's Hosp.,* 432 F.3d 50, 55 (1st Cir. 2005)).

Because the court's summary judgment Order did not adjudicate all remaining claims or result in entry of a certified final judgment, the ruling remains interlocutory. Plaintiff therefore properly invokes Rule 54(b) as the source of the court's authority to revise it. *See Fye v. Oklahoma Corp. Commission*, 516 F.3d 1217, 1223–24 n.2 (10th Cir. 2008) (explaining that a motion seeking reconsideration of a partial summary-judgment ruling invokes the court's authority to revise interlocutory rulings and is not governed by the strict standards of Rules 59(e) and 60(b)).

When considering a Rule 54(b) motion, this court has relied on the principles identified in *Servants of the Paraclete* as useful guideposts. *See Scalia*, 2020 WL 9256556, at *1; *Hampton v. Utah*, No. 1:18-CV-00079-CMR, 2025 WL 2506876, at *2 (D. Utah Aug. 29, 2025). The *Servants of the Paraclete* principles are: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration may also be appropriate when the court has misapprehended the facts, a party's position, or controlling law. *Id.* The Tenth Circuit, however, has "distinguished the *Servants of the Paraclete* principles, which apply to 'a motion for reconsideration after a final judgment,' from a district court's discretionary reconsideration of an interlocutory order." *Luo*, 71 F.4th at 1298–99 (citing *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011)). Accordingly, it is within the

district court's discretion to revise an interlocutory order and is not required to apply the principles used to consider reconsideration of final judgments. *Id*.

## III. DISCUSSION

Plaintiff seeks revision of the undersigned's Report and Recommendation dismissing his Fourth and Fifth Causes of Action (ECF 81) and the court's Order adopting the Report and Recommendation (ECF 89). While the Fourth and Fifth Causes of Action relate to the search of Plaintiff's home, they address different conduct. The Fourth Cause of Action alleges a *Franks* violation based on an unknown officer's application for a second search warrant, specifically that the officer "deliberately omitted Officer Serrano's search of Plaintiff's home when applying for the second search warrant" (ECF 81 at 2; Compl. ¶ 39). The Fifth Cause of Action challenges the actions of unknown South Jordan police officers who executed a search warrant at Plaintiff's home on September 28, 2019 (ECF 81 at 2; Compl. ¶¶ 43–48).

As explained above, the undersigned recommended dismissal of both causes of action because they asserted constitutional violations only against unidentified defendants (ECF 81 at 30). The court adopted the undersigned's recommendation, and it dismissed these two causes of action (*see* ECF 89).

### A. Fourth Cause of Action

Regarding the Fourth Cause of Action, Plaintiff contends that Officer Phillips's affidavit for the second search warrant contained a material omission (ECF 112 at 6). While the affidavit disclosed that officers observed firearms and a locked gun safe during a protective sweep, it allegedly failed to state that the sweep was warrantless, nonconsensual, and conducted after Plaintiff was already in custody outside the home (*id*. at 6–7). Plaintiff argues that revision is warranted since the court later found the sweep unconstitutional, and the affidavit improperly

relied on evidence from an unlawful search without disclosing that the search was unconstitutional (*id*. at 7).

Plaintiff's argument for revision is unpersuasive because the court finds that Plaintiff improperly invokes Rule 54(b) to amend his Fourth Cause of Action by asserting a theory different from the one originally pled. The Fourth Cause of Action as pled alleged that the unknown officer who applied for the second search warrant "deliberately *omitted* Officer Serrano's search of Plaintiff's home" from the application (ECF 81 at 2; Compl. ¶ 39 (emphasis added)). The Fourth Cause of Action clearly asserts that the unknown officer failed to disclose the search itself, but this is not what Plaintiff is now asserting in the Motion.

Plaintiff now concedes that Officer Phillips's affidavit did disclose Officer Serrano's search (ECF 112 at 6–7). Rather than asserting that the search itself was omitted as originally stated in the Fourth Cause of Action, Plaintiff now argues that Officer Phillips omitted "that the sweep was warrantless, non-consensual, and conducted after Maese was already in custody outside the home" (*id*. at 6–7). Accordingly, Plaintiff's Complaint and his Motion to Reconsider assert distinct theories: the Fourth Cause of Action as alleged in the Complaint asserts an omission of the search itself (Compl. ¶ 39), while the current Motion alleges omission of facts about the search's legality (ECF 112 at 6–7). In essence, Plaintiff seeks to amend his Fourth Cause of Action nearly four months after the court's summary judgment ruling. Plaintiff's improper attempt to rewrite/recast his Fourth Cause of Action is sufficient to deny his request.

In addition, Plaintiff has not presented the court with previously unavailable evidence which prevented him from asserting a claim against Officer Phillips. *See Scalia*, 2020 WL 9256556, at *1. Plaintiff asserts that "[t]he subsequent identification of [Officer] Phillips, combined with the Court's intervening ruling that the protective sweep was unconstitutional and

that qualified immunity does not apply, constitutes a material change in the controlling posture of this case that warrants revision" (ECF 114 at 2–3).

First, Plaintiff's assertion that Officer Phillips was subsequently identified after the court ruled on summary judgment is inconsistent with the record. When the court considered summary judgment, the record clearly indicated that Officer Phillips submitted the second search warrant for Plaintiff's home (ECF 81 at 8). When recounting the facts of the case, the undersigned specifically referenced this fact and stated as follows:

> [O]n September 27, 2019 at 4:00 p.m., Officer Patrick Phillips (Officer Phillips) submitted an affidavit for a search warrant of Mr. Maese's person, which was issued at 4:06 p.m. (ECF 54 at ¶¶ 17–18). At 4:29 p.m., Officer Phillips submitted an affidavit for a search warrant of Mr. Maese's home (*id.* at 19). In the affidavit, Officer Phillips stated that during the protective sweep the officers encountered two closets that had firearms in them and a gun safe in the basement of Mr. Maese's home (*id.* at 19). Officer Phillips stated he found an active protective order prohibiting Mr. Maese from possessing firearms (*id.* at 19). Officer Phillips also stated that he reviewed the body worn cameras of the two officers who had conducted the protective sweep, the video showed a shotgun and an AR-15, and the officers in the video verbally warned each other as they observed handguns and AR-15s not in the camera's view (*id.*). At approximately 4:46 p.m., Judge Mckelvie issued the search warrant (*id.* at ¶ 20).

(ECF 81 at 8). At summary judgment, the record clearly indicated that Officer Phillips provided the affidavit for the second search warrant and referenced evidence from the protective sweep. Plaintiff's claim that Officer Phillips was "subsequently identified" is inconsistent with the record and therefore not new information or previously unavailable information.

Second, Plaintiff asserts that the court's summary judgment ruling as to Officer Serrano is "an intervening change in the controlling posture of this case" which warrants revision (ECF 112 at 4). Although the court denied summary judgment and qualified immunity as to Officer Serrano, it is unclear how Plaintiff was prohibited from asserting a *Franks* claim against Officer Phillips until after the ruling was issued.

"Under *Franks*, a Fourth Amendment violation occurs if (1) an officer's affidavit supporting a search warrant application contains a reckless misstatement or omission that (2) is material because, but for it, the warrant could not have lawfully issued." *United States v. Herrera*, 782 F.3d 571, 573 (10th Cir. 2015) (citing *Franks*, 438 U.S. at 155–56). When Plaintiff learned that Officer Phillips submitted the affidavit for the second search warrant which referenced the protective sweep, he had all the information necessary to adequately assert a *Franks* violation. Prior to the court's ruling on summary judgment, he could have moved to amend his Complaint to assert a *Franks* claim against Officer Phillips; yet, for reasons unknown to the court, he did not.[4] Plaintiff cannot now rely on Rule 54(b) to salvage a claim which he could have asserted earlier. *Scalia*, 2020 WL 9256556, at *1 ("Motions to reconsider are not to be used as a second chance when a party has failed to present its strongest case in the first instance." (quoting *Sec. Serv. Fed. Credit Union v. First Am. Mortgage Funding, LLC*, 906 F. Supp. 2d 1108, 1111 (D. Colo. 2012), *overruled on other grounds, Sec. Serv. FCU v. First Am. Mortg. Funding LLC*, 771 F.3d 1242 (10th Cir. 2014))).

Therefore, the court denies Plaintiff's request to revise its ruling on the Fourth Cause of Action.[5]

**B. Fifth Cause of Action**

Plaintiff's argument regarding the Fifth Cause of Action is also unpersuasive. As pled, this claim challenged the conduct of unknown South Jordan police officers who executed the search

---

[4] Although Plaintiff is proceeding pro se, his Second Cause of Action asserted a *Franks* violation against Officer Thompson (ECF 1 at 29–32), indicating that Plaintiff had the capability to assert the same claim against Officer Phillips.

[5] Because the court finds that Plaintiff is improperly seeking to amend his Fourth Cause of Action and has not presented an adequate reason for doing so, the court does not consider Defendants' arguments regarding the relevant statute of limitations and the merits of Plaintiff's claims against Officer Phillips (ECF 113 at 7–10). Nor does the court consider Plaintiff's arguments regarding the relation back doctrine (*see* ECF 1122 at 5–6).

warrant at Plaintiff's home on September 28, 2019 (ECF 81 at 2; Compl. ¶¶ 43–48). The court granted summary judgment against Plaintiff because he did not identify the officers allegedly responsible for the constitutional violation during the warrant's execution (*id*. at 30). Plaintiff's Motion to Reconsider does not address this deficiency or show that the court erred in its decision. Plaintiff does not identify the officers who executed the warrant or provide evidence that Officer Phillips participated in the execution. Instead, Plaintiff offers a new theory: because Officer Phillips allegedly knew the prior sweep was unlawful and obtained the second warrant, the seizure of firearms and property damage were compensable "fruits" of the unlawful sweep (ECF 112 at 7–8).

As previously stated, Plaintiff cannot invoke Rule 54(b) to amend a cause of action to include a claim he could have asserted before the court's ruling. Plaintiff asserted the Fifth Cause of Action against the officers who executed the warrant, not the officer who obtained it. Plaintiff's new theory does not address the basis for the court's summary judgment ruling. Instead, Plaintiff seeks to improperly amend the Fifth Cause of Action to name Officer Phillips without offering any justifiable reason. The court will not permit Plaintiff to use a Rule 54(b) motion, filed nearly four months after the ruling, to amend his claims, substitute a new defendant, or raise arguments that could have been made prior to summary judgment. *See Scalia*, 2020 WL 9256556, at *1 ("[M]ore importantly, 'advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is 'inappropriate.'" (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1242–44 (10th Cir. 1991))).

## IV. CONCLUSION AND ORDER

For these reasons, Plaintiff has not shown that revision of the court's prior Order is warranted under Rule 54(b). Accordingly, Plaintiff's Motion to Reconsider (ECF 112) is DENIED.

## V. NOTICE

The parties are on notice that they have fourteen days from the date of this Order to file any objections to this ruling. Fed. R. Civ. P. 72(a).

DATED this 17 September 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah